Rossiter, Appellant, *v.* Whitpain Township.

Argued April 20, 1961. Before Jones, C. J., Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*James R. Caiola,* for appellant.

*Samuel L. Sagendorph,* with him *George C. Corson, Jr.,* and *Wright, Mauck & Spencer,* for appellee.

Opinion by Mr. Justice Eagen, May 23, 1961:

The appellant, Louis F. Rossiter, was chief of police of Whitpain Township, a second class township in

Montgomery County. While driving a police patrol car, he was involved in an accident of serious proportions. He met with the board of supervisors to discuss the incident and, following an investigation, he was demoted to patrolman. His request for a public hearing was ignored. His appeal to the Court of Common Pleas of Montgomery County was dismissed, which order we are now asked to review.

Appellant contends that he was *removed* [1] from the office of chief of police of the township, and that such removal could be legally effective only by compliance with the provisions of the Act of June 15, 1951, P. L. 586, 53 P.S. §811 et seq., and for the reasons enumerated therein. It is admitted that the procedure specified in that statute was not followed by the township supervisors in ordering his demotion. Section 2 thereof provides: "Removals.—No person employed as a regular, full time police officer in any police department of any township of the second class . . . shall be *suspended or removed* except for the following reasons. . ."

Section 4 thereof provides: "Hearings on Dismissals.—If the person sought to be *suspended or removed* shall demand a public hearing, the demand shall be made to the appointing authority. . ."

The lower court's conclusion that the provisions of the Act of 1951, supra, do not apply to the instant situation is completely correct. Appellant was not *removed* from his employment with the police department, rather, he was "demoted" or "reduced in rank". The right to a public hearing given a full time police officer of a second class township, after the filing of charges against him, by section 4 of the act, applies only to instances wherein he is suspended or removed from his employment. It makes no provision for such measures where a police officer is demoted or reduced

---

[1] Emphasis throughout, ours.

in rank. That such was the intention of the legislature is rendered unmistakenly clear, by a study of the legislative history of the statute involved.

Undeniably, the classic canon of statutory construction is that, "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature," Act of May 28, 1937, P. L. 1019, §51, 46 PS §551. To ascertain legislative intent, in the absence of prior judicial construction, a consideration of an act's contemporaneous legislative history for guidance is proper. See, *Orlosky v. Haskell*, 304 Pa. 57, 155 Atl. 112 (1931); *Tarlo's Estate*, 315 Pa. 321, 172 Atl. 139 (1934). The legislative history of this act makes it clear that the words "reduction in rank" and "demotion" were purposely and specifically excluded from the coverage in the statute. The act as originally introduced applied to and specifically referred to reduction in rank of police officers, as well as to their removal from office.[2] However, as amended and subsequently adopted, the reference to reduction in rank was stricken out and excluded. The reasons for this action are not ours to say, but the intention is manifest. Further, during the same period that the Senate of Pennsylvania had under consideration the statute involved, it also considered and adopted a statute dealing with tenure of policemen in second class cities. This statute was substantially similar to the act under discussion except, significantly, it provided for coverage of a police officer who is reduced in rank and, in such instances, enumerated specific rights, including the right to a public hearing on charges instituted against him. Three other statutes of the same nature, passed during the same session, also treated the words reduction in rank with precision and explicitness. All

---

[2] See Senate Bill No. 119, Session of 1951, as introduced by Senator Pechan on February 6, 1951.

of this renders it abundantly clear that the legislature, in adopting the Act of 1951, dealing with policemen of a second class township, did not intend that it would apply to cases of demotions and reduction in rank. The case of *Simmler v. Philadelphia*, 329 Pa. 197, 198 Atl. 1 (1938), is not controlling for the persuasive reasons cited in the lower court's opinion. A court does not have the power to alter an act under the guise of construing it, nor can we read into it an intention that is just not there, nor can we add words to a statute where it is clear that they were intentionally omitted. See, *Calvert Dist. Corp. v. Bd. of Finance & Rev.*, 376 Pa. 476, 103 A. 2d 668 (1954) ; *Commonwealth ex rel. Cartwright v. Cartwright*, 350 Pa. 638, 40 A. 2d 30 (1944) ; *Panik v. Didra*, 370 Pa. 488, 88 A. 2d 730 (1952).

The order of the lower court is affirmed.