Ray C. Soergel, Appellant, *v.* Board of Supervisors of Middlesex Township, Appellee.

Argued November 9, 1973, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Daniel W. Cooper,* with him *Gatz, Cohen, Segal and Koerner,* for appellant.

*Harry K. McNamee,* with him *Marshall, Marshall, McNamee & MacFarlane,* for appellee.

OPINION BY JUDGE BLATT, February 6, 1974:

On January 30, 1971, Ray C. Soergel, chief of police of Middlesex Township, received notice from the Township Board of Supervisors (Board), that he was being reduced in rank from chief to patrolman. Attached to the notice was a statement of ten charges and the reasons for the reduction. Soergel sought a hearing before the Supervisors, which was granted, and, after this hearing, the decision to reduce Soergel in rank was upheld. The Board decided, however, to reduce him only to sergeant. On appeal taken by Soergel to the Court of Common Pleas of Butler County, an additional hearing was held and the court determined that there was insufficient evidence to support seven of the charges, but substantial evidence to support three others. On that basis the reduction in rank was upheld, and Soergel then brought this appeal.

Middlesex Township is a Township of the Second Class and subject to the provisions of the Act of June 15, 1951, P. L. 586, as amended, 53 P.S. §811 et seq. (The Police Tenure Act).[1] Section 2 of the Act, as

---

[1] Because of the result we reach herein and because no objection was made by any of the parties hereto as to the procedure followed, we will not here deal with the question of whether or not a policeman in a second class township who is reduced in rank has recourse to the courts through the Police Tenure Act or any other existing legislation. We do note that as originally enacted the Police Tenure Act applied only to police officers who were suspended or removed, and did not cover those officers merely reduced in rank. *Rossiter v. Whitpain Township,* 404 Pa. 201, 170 A. 2d 586 (1961). Subsequently, Section 2 of the Act, which stated the permissible reasons for removal or suspension, was amended to include reduction in rank. But Sections 4 and 5, 53 P.S. §§814-815, which covered hearings by the appointing authority and appeals to courts of common pleas, were not amended to include reduction in rank.

amended, 53 P.S. §812, provides: "No person employed as a regular full time police officer in any police department of any township of the second class, or any borough or township of the first class within the scope of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed." The three charges against Soergel, which the lower court found to be substantiated, basically involved disobedience of orders. They were: (1) failure to make certain speed checks as directed by the Supervisors; (2) failure to attend certain Board meetings as directed; and (3) failure to direct traffic at a local roller rink as directed by the Board. We believe it is our duty to determine whether or not the court below was guilty of an abuse of discretion or an error of law in reaching its decision. Based on such a standard, we find that it was not.

In view of the specific language in *Rossiter, supra*, it is problematical whether or not an officer reduced in rank, but not suspended or removed, would have any further recourse under the Police Tenure Act, and we here make no decision on that question. *See Kline v. Hampton Township*, 42 Pa. D. & C. 2d 49 (1967). Likewise, we here make no decision as to whether or not an appeal would have been properly taken pursuant to the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301 et seq.

The burden was on the Board to present clear and convincing evidence to support the charges brought against Soergel and to establish further that such charges proved were sufficient to warrant the discipline imposed. *Cf. Schauer Dismissal Case,* 401 Pa. 486, 165 A. 2d 26 (1960); *Masemer v. Borough of McSherrystown,* 34 Pa. D. & C. 2d 669 (1964). Conduct justifying a reduction in rank need not be proved beyond a reasonable doubt. *Kramer v. City of Bethlehem,* 5 Pa. Commonwealth Ct. 139, 289 A. 2d 767 (1972).

A review of the record indicates to us that the essential issue here is one of credibility. Members of the Board of Supervisors testified that they ordered (or requested) Soergel to do certain things which he failed to do, while Soergel stated that he either received no orders (or requests) on these subjects or that he carried out those which he did receive. It was the duty of the lower court, and not of this Court, to consider the credibility of the testimony presented. We must, therefore, hold that there was sufficient clear and convincing evidence presented to the court below to indicate that Soergel did disregard or disobey orders (and here requests were the equivalent of orders) to make certain traffic checks, direct traffic at the roller rink and to attend or have another policeman attend meetings of the Board. And certainly the failure to carry out these reasonable orders was a sufficient basis for Soergel's reduction in rank. Soergel has advanced numerous reasons why the activities he was ordered to perform were unwise or unwarranted, and he may be right in so labeling them, but it was not his duty to decide the propriety of or to interfere with the policy-making functions of the Board of Supervisors. It was his duty to carry out reasonable and proper orders, and his failure to do so clearly warranted a reduction in rank pursuant to Section 2 of the Police Tenure Act.

For the above reasons, therefore, we affirm the order of the court below.