John McClintock, an Individual *v.* Township of Penn Hills Civil Service Commission. John McClintock, Appellant.

Argued May 7, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Christopher Lepore*, with him *Ronald P. Koerner*, and *Gatz, Cohen, Segal & Koerner,* for appellant.

*August C. Damian,* with him *Damian & Damian,* for appellee.

OPINION BY JUGDE WILKINSON, June 28, 1976:

On September 14, 1974, appellant, employed by the Penn Hills Township Police Department as a

police officer, had been working the 8:00 a.m. to 4:00 p.m. shift when he was ordered by his shift commander to work an additional eight hours from 4:00 p.m. to midnight. The order was given in accordance with a procedure, initiated by the police department due to a manpower shortage, whereby officers were "drafted" to work extra shifts on a rotating basis. An officer so "drafted" was required to work the overtime shift unless he could persuade a fellow officer to take his place. In the present case, appellant did not wish to work a second shift but could not find a replacement. Nevertheless, he refused to work as ordered. Consequently, by certified letter dated September 17, 1974, appellant was notified he was suspended for three days pursuant to Section 644 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §55644, which authorizes the suspension of a police officer for, *inter alia,* "disobedience of orders." The suspension was subsequently upheld by the appellee Commission and affirmed on appeal by the court below. Appellant is now before this Court raising three arguments.

First, appellant contends that he was justified in disobeying the order to work an extra shift, urging that the order was unreasonable under the circumstances. Specifically, appellant asserts that he refused to work overtime because he was physically unable to do so, being exhausted from working a double shift the previous day and suffering from an extremely painful hemorrhoid condition. However, the appellee Commission and the court below found that the only reason appellant refused to work was his intention to attend a wedding reception that night.

A review of the record indicates that the essential issue here is one of credibility. At the hearing before the appellee Commission, the shift commander testified emphatically that the only reason offered by

appellant for refusing to work overtime was that "he'd made a prior commitment to attend a wedding reception—period." Appellant, on the other hand, testified that he also told the shift commander that he was tired from having worked an extra shift the day before and that his hemorrhoids were bothering him. Since issues of credibility are not before this Court, *Soergel v. Board of Supervisors,* 12 Pa. Commonwealth Ct. 311, 316 A.2d 89 (1974) ; *Banks v. Board of Commissioners,* 7 Pa. Commonwealth Ct. 393, 298 A.2d 923 (1973), we are compelled to accept the testimony of the shift commander and the finding below that appellant refused the order to work solely on the basis of a prior social engagement. We, therefore, hold that the order was reasonable and that appellant was not justified in disobeying it. The public's right to adequate police protection cannot be subordinated to an individual officer's social calendar.

We summarily reject appellant's second argument that he was denied equal protection of the law, being arbitrarily and capriciously selected for discipline for disobeying an order to work overtime while others who disobeyed the same order were not. Although there is testimony that other officers who refused to work double shifts were not disciplined, there is no evidence that such failure to discipline occurred under circumstances similar to those herein.

We likewise reject appellant's third argument that the court below, which took additional evidence, erred in excluding, as being irrelevant, testimony that the appellee Commission, in a case similar to the present, failed to uphold the suspension and reinstated the officer therein with back pay. The testimony was intended to establish that the Commission failed to apply the law equally to appellant as it did to other police officers. However, that issue was not raised in the appeal to the lower court. Consequently, the

lower court was correct in ruling that the issue was not properly before it.

Affirmed.

Judge KRAMER did not participate in the decision in this case.