**In re MACHI PRODUCE, INC., Debtor.**

**Bankruptcy No. 89–2598–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 11, 1991.

---

Joseph P. Nigro, Nigro & Malley, Pittsburgh, Pa., for debtor.

Charles E. Blume, Houston Harbaugh, P.C., Pittsburgh, Pa., for objectors/Anthony Machi, Michael Machi and Judith Budd.

Bernard M. Schneider, Brucker, Witherel & Zappala, Pittsburgh, Pa., for The Wholesale Produce Industry of Pittsburgh, Inc.

Stanley G. Makoroff, Sable, Makoroff, Sherman & Gusky, Pittsburgh, Pa., trustee.

Paul S. McGrath, Jr., Amy E. Bentz, Kincaid, McGrath & O'Keefe, P.C., Pittsburgh, Pa., for Equibank.

## MEMORANDUM OPINION

BERNARD MARKOVITCH,
Bankruptcy Judge.

A hearing was held April 23, 1991 on the Trustee's Final Account and Proposed Order of Distribution. A total of $68,038.32, plus interest, is available for distribution to indefeasible secured creditors. The Chapter 7 trustee proposed distributing $6,000.00 of that amount to Equibank and the remaining $62,038.32 to Wholesale Produce Industry of Pittsburgh, Inc. ("Wholesale").

An "Objection To Trustee's Proposed Distribution Of Property Of The Estate" was filed by Anthony Machi, Michael Machi, and Judith Budd ("Objectors"), who do not object to the proposed distribution to Equibank. They do, however, object to the proposed distribution to Wholesale. Specif-ically, Anthony Machi and Michael Machi claim that they are entitled to receive $9,387.00 each as their *pro rata* shares of proceeds realized from the trustee's sale of real property in which they allegedly have equitable interests as tenants in common. Anthony Machi and Michael Machi further maintain that their interests are prior to, and hence are not subject to, a mortgage in the property granted to Wholesale by other tenants in common.

Wholesale denies that Anthony Machi and Michael Machi had any interest in the property as tenants in common. Alternatively, Wholesale maintains that any interests which they might have are subject to its mortgage.

The Objection by Anthony Machi, Michael Machi, and Judith Budd to the trustee's proposed distribution will be overruled for reasons set forth below. The trustee will be directed to make distribution forthwith unless stayed by the District Court.

-I-

## FACTS

On September 17, 1960, disinterested third parties conveyed real property located at 2549–2551 Penn Avenue in the City of Pittsburgh, Pennsylvania, to Machi Produce Company, a partnership consisting at that time of: Anthony Machi; Michael Machi; Mario Machi; Joseph Machi; and Frank Machi. The deed of conveyance was duly recorded on September 28, 1960.

The property in question had been purchased by the partnership with partnership funds. A building, out of which the partnership conducted its business, subsequently was erected on the property. The down payment for the building was provided by the partners' mother as a gift to them. The remaining construction costs were paid out of partnership funds.

The partnership consisted of the following individuals in 1980: Anthony Machi; Michael Machi; Joseph P. Machi; Vincent M. Machi; Chester A. Machi; and Anthony A. Machi.

On October 31, 1980, Anthony Machi, Michael Machi, Joseph P. Machi, and Judith Budd (the widow of Frank Machi, who died in 1977) executed, in their own names, an installment land contract whereby they purported to convey the partnership property to all the above individuals comprising the partnership as of the date. The conveyance was not in the name of the partnership, the record owner of the property at that time. The installment land contract was duly recorded on November 3, 1980.

The purchase price for the property was $120,000.00. The installment land contract called for 240 monthly payments of $1,158.04 to Anthony Machi, Michael Machi, Joseph P. Machi, and Judith Budd. It further provided that Anthony Machi and Michael Machi each held a ten percent (10%) interest in the property and that the four remaining partners each held a twenty percent (20%) interest therein.

Pursuant to the terms of the installment land contract, Anthony Machi, Michael Machi, Joseph P. Machi, and Judith Budd each received payments of $285.51 per month until August of 1989. Said payments were made out of partnership funds, not out of the funds of the individual partners.

At no time was the partnership in the business of selling real property. Its business consisted of buying and selling produce and other food products.

On October 17, 1984, the partnership, whose composition had not changed since 1980, granted Equibank a mortgage on the property. Said mortgage was executed on behalf of the partnership by all the partners, including Anthony Machi and Michael Machi.

Anthony Machi and Michael Machi sold their partnership interests to Frank Machi on December 31, 1986 for $36,000.00. Although they continued to receive monthly payments pursuant to the terms of the installment land contract until August 1989, Anthony Machi and Michael Machi had no further involvement in partnership affairs.

On April 8, 1988, the partnership (not the individual partners) granted Wholesale a mortgage on the property as security for debts which had been assigned to Wholesale. Anthony Machi and Michael Machi, and Judith Budd did not execute the mortgage and aver that they were unaware of its existence.

-II-

## ANALYSIS

According to Objectors, execution of the installment land contract by all the partners effectively conveyed the equitable interest in the property, pursuant to 15 Pa.C.S.A. § 8322(b), to the partners as individuals.[1] Objectors further contend that the equitable interests of Anthony Machi and Michael Machi are not subject to the mortgage granted to Wholesale in 1988 because they neither consented to nor had knowledge of the mortgage and because Wholesale had constructive notice of their interests in the property.

■ Objectors' argument is unsound in several respects. To begin with, their contention that execution of the installment land contract effectively conveyed the equitable interest in the property, pursuant to 15 Pa.C.S.A. § 8322(b), is incorrect.

15 Pa.C.S.A. § 8322(b) provides in pertinent part as follows:

(b) **Equitable ownership where partner is record owner.**—Where title to real property is in the name of the partnership, a conveyance executed by a partner in his own name passes the equitable interest of the partnership if the act is one within the authority of the partner under the provisions of section 8321(a).

It is undisputed that title to the property was in the name of the partnership when the installment land contract was executed. It also is undisputed that it was executed in the name of certain individual partners rather than in the name of the partnership. Accordingly, the partnership's equitable in-

---

**1.** Objectors have conceded that the partnership retained legal title to the property even after execution of the installment land contract.

terest in the property was conveyed to the individual partners, provided that the act of executing the installment land contract was within the authority of the conveying partners pursuant to 15 Pa.C.S.A. § 8321(a).

15 Pa.C.S.A. § 8321 provides in pertinent part as follows:

(a) **General Rule.**—Every partner is an agent of the partnership for the purpose of its business and the act of every partner ... for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of the fact that he has no such authority.

(b) **Absence of apparent authority.**—An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners.

The act by Anthony Machi, Michael Machi, and Joseph P. Machi of conveying partnership property was *not* "for apparently carrying on in the usual way the business of the partnership". As has been noted, the partnership was in the business of buying and selling produce and other food products, not conveying real property.

Objectors evidently concede that this act was not "for apparently carrying on in the usual way the business of the partnership", but argue that the partnership nonetheless was bound by the conveyance because it was authorized by all the partners when they executed the installment land contract. *See* 15 Pa.C.S.A. § 8321(b).

■ This contention is without merit. Section 8321(b) does *not* apply where title to real property is in the name of the partnership and a partner executes a conveyance of said property in his or her own name.

Section 8322(b) expressly incorporates only section 8321(a). In so doing, it should be inferred that section 8321(b) does not apply. It is a rule of statutory construc-

tion that where certain things are specifically included in a statute, things omitted should be understood as having been intentionally excluded under the principle *"expressio unius est exclusio alterius"*. *See City Council v. City of Hazelton,* 134 Pa. Cmwlth. 174, 578 A.2d 580, 583 (1990), *citing Samilo v. Pennsylvania Ins. Dept.,* 98 Pa.Cmwlth. 232, 510 A.2d 412 (1986). The legislature's failure to incorporate § 8321(b) in § 8322(b) should be regarded as intentional. A court may not add words to a statute where they were intentionally omitted. *See Rossiter v. Township of Whitpain,* 404 Pa. 201, 170 A.2d 586, 588 (Pa.1961).

■ There is yet another reason why Objectors' argument must fail: the installment land contract was a sham transaction.

The facts recited previously have been stipulated to by the parties. The court suspects that they have, for reasons known only to themselves, elected to keep the court in the dark about all the circumstances surrounding execution of the installment land contract. Even so, it is readily apparent that the partners did *not* convey any interest in the property to themselves as individuals.

As has been noted, the purported purchase price for the property was $120,-000.00. However, payments were not made by the individuals partners as purported purchasers to the partnership as purported seller, as one would expect if the partnership indeed were conveying an interest to the individual partners. Rather, the installment land contract provided that monthly payments were to be made to certain of the partners—i.e., to Anthony Machi, Michael Machi, Joseph P. Machi, and to Judith Machi (the widow of a deceased partner). Moreover, these monthly payments, which continued until August of 1989, were made from partnership funds.

Absent a showing of contrary intention, property acquired with partnership funds is partnership property. 15 Pa.C.S.A. § 8313(b). There has been no showing by Objectors of a contrary intention in this case. It must be concluded that the partnership, whose funds were utilized (for rea-

sons that have not been disclosed) to make payments to the above individuals, retained both the legal and equitable interests in the property.

Also, conduct by Anthony Machi and Michael Machi subsequent to execution of the installment land contract but prior to their withdrawal from the partnership bolsters the conclusion that there was no intention that the partnership transfer any of its interest in the property to the individual partners. As has been noted, the partnership granted a mortgage on the property to Equibank on October 17, 1984, which mortgage has not been contested by Objectors. Said mortgage was executed on behalf of the partnership by all the partners, including Anthony Machi and Michael Machi. No mention is made therein of the individual partners having an interest in the property. The individual partners treated the property as belonging entirely to the partnership.

The objection by Anthony Machi, Michael Machi, and Judith Budd to the trustee's proposed distribution will be overruled.[2]

---

**2.** Although Judith Budd has jointed in the Objection, the basis for her objection is unclear. Only Anthony Machi and Michael Machi claim entitlement to a portion of the proceeds derived from the sale of the property. Moreover, any claim that she may have to a portion of the proceeds must be denied because the partnership purchased any interest in the partnership she might have retained after the death of her husband in 1977. Also, any interest her husband may have had in the property vested in the surviving partners at his death. *See* 15 Pa.C. S.A. § 8342(b)(4).