## Wilchenski, Appellant, *v.* Throop Borough School District.

Argued November 14, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Ernest D. Preate,* for appellant.

*Michael R. Shehadi* and *Lewis F. Adler,* with them *John J. Sirotnak,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, January 3, 1956:

Mary Nealon Wilchenski, teacher in the School District of Throop, Lackawanna County, was suspended because of a decrease in student enrollment. She filed a Bill of Complaint asserting that she had seniority rights superior to those of four other teachers who had been retained, namely, James V. Jordan, Esther Weinstein, Henry S. Muto and Catherine Heasley. The Court of Common Pleas of Lackawanna County found that Miss Wilchenski had been illegally suspended because she was in fact senior in service to Esther Weinstein and thus ordered her reinstatement. The Court, however, found, in addition, that James V. Jordan and Henry S. Muto enjoyed superior seniority rights to the plaintiff and that Mrs. Catherine Heasley had equal service rights to those of the plaintiff.

Miss Wilchenski appealed from this adjudication because she wished to protect her position against pos-

sible future suspensions. It was not only prudent but proper for the plaintiff to do this because otherwise it might later well be argued against her claims of superior status that she had conceded the equal status of Mrs. Heasley and the superior status of Jordan and Muto. After the adjudication in question, Jordan was retired by the School District, so that we are called upon here only to determine as against Miss Wilchenski, the seniority status of Henry S. Muto and that of Catherine Heasley.

As to Muto, he was employed as a teacher in 1920 and taught continuously until June, 1929. In August of that year his contract of employment was not renewed because he failed to receive a majority vote of the School Board, due to the fact that a relative was serving on the Board. He was then appointed Superintendent of Buildings of the School District, whereupon he withdrew all contributions made by him to the State Retirement Fund. In January, 1930, his teacher's contract was renewed and he has been in service since then.

Did Muto's absence from the schoolroom between June, 1929 and January, 1930, constitute a break in service of such character as to require a re-beginning so far as seniority rights are concerned? The lower Court answered this question in the negative. Law and precedent indicate the contrary. The School Code specifically provides that the bridge of seniority is not broken when it is supported by the piers of sabbatical and military leaves. Mr. Muto's absence, however, cannot be legally upheld. No statute supplies the necessary buttress, and precedent is against it. In the case of *Halko v. Foster,* 374 Pa. 269, we declared that Halko lost his seniority rights when he was absent for a longer period than that permitted by the Code: "Therefore when the plaintiff was absent for three consecutive years without statutory authority, his seniority rights began only

when he was reemployed by the board, to wit, September 1, 1945."

The fact that Muto involuntarily ceased to teach for five months does not distinguish his case from the Halko case. Muto's seniority rights in the bridge of continuous service began, as against Miss Wilchenski, as of January, 1930. In view of the fact that Miss Wilchenski has been employed continuously since September 28, 1929, her seniority rights therefore prevail over those of Muto.*

Miss Wilchenski's seniority rights also prevail over those of Mrs. Catherine Heasley. Although they both began teaching for the Throop School District on the same day, September 28, 1929, Mrs. Heasley was absent from work between March 12, 1948 and May 3, 1948, on account of physical complications arising during pregnancy. No formal or express leave was authorized for Mrs. Heasley by the School Board, although the Board did grant her five days' sick leave with pay and did direct payment of salary during her seven weeks' absence. There is no statutory abutment to uphold the break in the span of Mrs. Heasley's seniority rights, and there is already stare decisis for the proposition that the condition of pregnancy in a married school teacher is not to be regarded as an illness or disease but a normal condition even if it might be accompanied by pathological developments: "The appellant was required to perform her duties unless prevented by a personal illness or other reason. . . Her neglect to teach was not due primarily to the toxemia, but was the direct result of her pregnancy, which is not a disease or an illness according to the testimony of her physician; in a married woman it is a normal condition." (*West*

---

* See Opinion in *Welsko v. Foster Township School District*, 383 Pa. 390, as to continuity in service.

*Mahanoy Twp. School District v. Kelly,* 156 Pa. Superior Ct. 601, 604).

The order of the Court below is reversed insofar as the seniority rights of Henry S. Muto and Catherine Heasley are concerned, and the record is remanded for suitable action not inconsistent with the content of this Opinion.