Donald Brandt, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs February 5, 1981, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Joseph J. Dixon,* for petitioner.

*Howard Ulan,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 6, 1981:

Donald Brandt (Petitioner) appeals from an order of the Hearing and Appeal Unit of the Department of Public Welfare (DPW) dated January 4, 1980, that denied the Petitioner's request for an abatement or modification of the liability assessment for costs incurred by his son who is a resident at the Children's Rehabilitation Center (Center), Butler, Pa.

The Petitioner's son was placed at the Center through the Cumberland-Perry Mental Health and Mental Retardation Program in 1976. Pursuant to Sec-

tion 502 of the Mental Health and Mental Retardation Act of 1966 (Act),[1] the Petitioner was assessed a liability of $152.00 per month for the period June 1979 to June 1980 based upon a determination of Petitioner's income and expenses as of June 6, 1979.[2] On June 28, 1979, the Petitioner requested a review of the assessment. The Petitioner was notified on August 29, 1979 that the liability was modified to $76.00 per month for the first six months and $152.00 per month for the second six months of the assessment year.

On September 25, 1979, the Petitioner filed a written request for an administrative hearing to consider the amount of this new assessment alleging that his income had been reduced because he was now working only five days instead of six days a week.[3]

---

[1] Act of October 20, 1966, Special Sess., P.L. 96, *as amended,* 50 P.S. §4502.

Section 502 reads in pertinent part as follows:

Except as provided in this section and in section 504, whenever any person under eighteen years of age admitted, committed or otherwise receiving any service or benefit under this act shall be unable to discharge the obligation imposed upon him by section 501, such liability is hereby imposed upon any person owing a legal duty to *support* the person admitted, committed or otherwise receiving services or benefits under this act.

Petitioner's son was twelve years old at the time of the administrative hearing held in this matter on November 19, 1979.

[2] The Determination of Liability form signed by the Petitioner indicates that on June 6, 1979 the Petitioner and his wife had a combined income in excess of $15,000 which after deductions and allowances resulted in a determination by DPW of an adjusted monthly income of $457.29 for a household of three persons (Petitioner, his wife and a sixteen year old daughter).

[3] The letter states in its entirety:

To Whom it May Concern

I cannot accept the communication I received on Aug 29, 1979, because I have cut back to 5 days instead of 6 days which means approxamately [sic] 3000.00 less per year. The caseworker would not allow me to count Mark

A hearing was held on November 19, 1979. The Petitioner appeared pro se. The request for modification or abatement was denied. In his adjudication the examiner noted that the only oral testimony by the Petitioner bearing upon the question of abatement or modification concerned transportation expenses that exceeded the maximum allowable under DPW· rules and regulations.[4]

Our scope of review is limited to a determination of whether the adjudication was in accordance with law, whether constitutional rights were violated, and whether all necessary findings of fact were supported by substantial evidence. *Skehan v. Department of Public Welfare*, 30 Pa. Commonwealth Ct. 419, 373 A.2d 1364 (1977).

In his appeal to us Petitioner states that the question involved[5] is

as a dependant because he receives S.S.I. but you people claim $174.00 out of his $171.00 check What for math. do you call this. [sic]

[4] Considerations warranting abatement or modification of liability are found in Section 5405.31, 6 Pa. B. 2398-99 (1976). It reads as follows:

Only in extraordinary circumstances will consideration be given to abatement or modification of liability in accordance with the following criteria:

(a) Debts, if incurred prior to initial assessment. For example: monthly payments on loans, excluding payments on a mortgage and one car, equal or exceed the balance of the net monthly income after allowances.

(b) Unforeseen circumstances over which the client and/or his legally responsible relatives have no control. For example: loss from fire not covered by insurance.

(c) The recommendation of the mental health or mental retardation professional as outlined in §5403.1.

(d) Assessment of liability in excess of $250.

(e) Extraordinary circumstances meriting special consideration.

[5] Pa. R.A.P. 2116 provides that ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

Was the Department of Public Welfare's adjudication supported by substantial evidence and in accordance with the law?

DPW regulations controlling appeals and fair hearings are found in Chapter 275 of Title 55 of the Pennsylvania Code, 55 Pa. Code §275 *et seq.*

Section 275.1(b) reads in pertinent part as follows:

The objectives of appeals and fair hearing will be as follows:

. . . .

(2) *To settle the issue or issues raised by the client in requesting a hearing* and to produce a clear and definitive decision setting forth the findings of the Department. (Emphasis added.)

Section 275.4(g) reads in pertinent part as follows:

Hearing proceedings will conform with the following:

(1) The proceedings will follow this order.

(i) The hearing officer will open with a statement of the purpose of the hearing, the procedure it will follow, who the deciding authority is, and the way the decision will be transmitted to the appellant.

(ii) The hearing officer will ask the appellant to state the issue or issues so that they are identified at the commencement of the hearing.

. . . .

(v) The appellant will present his case.

Section 275.4(g)(2) reads in pertinent part as follows:

Hearing decisions will be based on the following:

(i) The hearing officer will restrict his decision to the hearing record, which will consist of testimony and exhibits introduced into

the hearing and the notice of action taken by the agency *and the appeal of the client.* The hearing officer will make his adjudication in accordance with regulations established by the Department of Public Welfare which have been promulgated in accordance with the Commonwealth Documents Law. (Emphasis added.)

We have no difficulty concluding that the DPW findings are supported by substantial evidence. Our further inquiry, however, is whether the adjudication is in accord with the law.

As we have noted, the basis for Petitioner's appeal which triggered the hearing before the examiner was his alleged decrease in income because he was working five instead of six days per week. The examiner did not ask the Petitioner to state the issues at the commencement of the hearing nor did he "settle the issue" raised by the Petitioner when he requested the hearing, to wit, did the Petitioner have a loss of income and, if so, would that change his assessment of liability?

Admittedly, Petitioner volunteered no testimony regarding his change in income during the course of the hearing and there is no doubt that it was his burden to prove that the liability assessed against him by DPW should be modified. On the other hand, where the person seeking relief before an examiner is not represented by counsel, the examiner must be more than usually cautious to insure that all relevant issues are fully examined and that all parties have an opportunity to fully present their case. In every hearing the litigants have a right to expect compliance by the examiner with DPW's own regulations.

Our reading of the record indicates that the Petitioner was belligerent and some of his threatening statements would certainly irritate a person of ordinary

sensitivity. Perhaps this accounts for the examiner's failure to question the Petitioner concerning his loss of income but it will not excuse that failure in the light of DPW's regulations.

Accordingly, we conclude that the DPW adjudication was not in accord with the law and that the case must be remanded for a further hearing consistent with this opinion.

### ORDER

AND Now, this 6th day of April, 1981, the order of the Hearing and Appeal Unit of the Department of Public Welfare dated January 4, 1980 denying Donald Brandt's request for an abatement or modification of a liability assessment is hereby vacated and the case is remanded for a further hearing consistent with this opinion.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.