510 A.2d 412

Daniel M. Samilo, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

Argued May 13, 1986, before President Judge CRUMLISH, JR., Judge COLINS and Senior Judge ROGERS, sitting as a panel of three.

*Michael H. Small, Farrell and Small,* for petitioner.

*Jean M. Callihan,* Assistant Counsel, with her, *M. Hannah Leavitt,* Chief of Litigation, and *Paul Laskow,* Chief Counsel, for respondent.

*Robert E. Kelly, Jr.,* with him, *David J. Felicio, Duane, Morris & Heckscher,* Of Counsel: *James R. Tuite,* Corporate Counsel, State Farm Fire and Casualty Company.

OPINION BY SENIOR JUDGE ROGERS, June 17, 1986:

This is an appeal from an order of the Insurance Commissioner (Commissioner) affirming the Insurance Department's determination upholding State Farm Mutual Automobile Insurance Company's (Company) decision not to renew the automobile insurance policy of Daniel M. Samilo.

After a hearing, the Commissioner made the following pertinent findings of fact:

1. On July 19, 1984, State Farm mailed to Samilo a Notice of Nonrenewal advising him that his automobile insurance policy, No. 581 3561-CO3-38D, would not be renewed effective September 3, 1984 at 12:01 a.m. Standard Time.

2. The reasons set forth in the Notice referred to above in Finding of Fact No. 1 for State Farm's nonrenewal of Samilo's auomobile insurance policy were:

Use of alcoholic beverages to the extent that it materially increases the probability of loss.

12/2/83 Accident—Hit a parked car—drinking involved—PD # 1869, Collision # 6473.

3. On August 6, 1984, Samilo requested the Pennsylvania Insurance Commissioner to review State Farm's nonrenewal.

4. On September 6, 1984, the Insurance Department upheld State Farm's nonrenewal of Samilo's automobile insurance policy, and by letter dated September 11, 1984, Samilo requested a formal administrative hearing. . . .

. . . .

6. At the hearing on November 29, 1984, Samilo admitted that he did have an automobile accident on December 2, 1983, . . . and that the

amounts listed in the Notice as payment of claims by State Farm appear to be correct.

. . . .

8. Samilo admitted at the November 29, 1984 hearing that his drinking of alcoholic beverages was involved in the December 2, 1983 accident.

Samilo argues that the Commissioner committed an error of law in upholding the nonrenewal in violation of the Act of June 5, 1968 (Act 78), P.L. 140, *as amended,* 40 P.S. §§1008.1—1008.11. Samilo claims that the Company relied solely on his December 2, 1983 accident *in its decision not to renew the policy in violation* of Section 3(b) of Act 78, 40 P.S. §1008.3(b), which provides:

No insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six month period prior to the upcoming anniversary date of the policy.

The Company claims that its nonrenewal action was not based upon the occurrence of a single accident, but rather upon the fact that Samilo's drinking of alcoholic beverages was involved in the December 2, 1983 accident.

The nonrenewal notice mailed to Samilo stated that the use of alcoholic beverages and an accident involving drinking were the reasons for the insurer's decision not to renew. The decision clearly was not based merely on the occurrence of the accident, but rather on the fact that Samilo was drinking alcohol while driving. Section 3 of Act 78 lists specific reasons which may not be used by an insurer to refuse to renew a policy of automobile insurance. Drinking while driving is not among those listed. Where some things are specifically designated in a statute, things omitted should be understood as hav-

ing been excluded; this principle is that expressed by the maxim "expressio unius est exclusio alterius." *Latella v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 14, 459 A.2d 464 (1983). Any good reason not specifically stated in Section 3 of Act 78 as a reason for refusing to renew a policy may be considered by the insurer in its determination regarding renewal.

At the hearing Samilo testified that drinking was involved in the December 2, 1983 accident.[1] A witness for the Company testified that Samilo's drinking of alcohol while driving represented a materially increased risk of loss which the insurer did not wish to continue to insure. The Company was entitled to refuse to renew Samilo's policy based on his concession that he had an accident while under the influence of intoxicating drink.

Order affirmed.

ORDER

AND NOW, this 17th day of June, 1986, the order of the Insurance Department in the above-captioned matter is affirmed.

---

[1] Samilo was charged with driving under the influence of alcohol. He was placed in an Accelerated Rehabilitative Disposition program and the charges against him were dismissed. The charges against Samilo were not listed as a reason for nonrenewal on the notice and were not considered by the insurer in its decision not to renew.