547 A.2d 891

The School District of The City of Duquesne, Appellant v. Thomas J. Sturm, Appellee.

*Ira Weiss, Gross and Weiss,* for appellant.

*Ronald N. Watzman, Litman, Litman, Harris, Brown & Watzman, P.C.,* for appellee.

OPINION BY JUDGE MCGINLEY, September 28, 1988:

The City of Duquesne School District (District) appeals an Order of the Court of Common Pleas of Allegheny County (trial court) reversing the decision of the School Board (Board) suspending Thomas J. Sturm (Sturm) as a guidance counselor in the District and directing the Board to reinstate Sturm to his position with back pay and emoluments.

Certain facts are not contested. Sturm was hired October 19, 1972. He worked from his date of hire until the end of the 1983 school year when he was suspended because he had less seniority than Edward Haver (Haver) who was retained as a guidance counselor for the District. Haver was hired on September 14, 1972, although he had begun working some days prior, on August 21, 1972.

The dispute between the parties involves the 1973-1974 school year. At the time set for the beginning of school there was a delay in the District's receipt of federal funds to support the Title I program, and Haver did not begin to teach until September 26, 1973. From September 26 through October 16, 1973, Haver worked four (4) hours of each seven and one-half (7½) hour work day and received full seniority. During the course of Haver's entire employment he was assigned to assist students in the Title I program.

The Coordinator of Federal Programs for the District, and Supervisor of the Title I Program, Edward Sudzina, testified at the Board hearing that he informed Haver of the following: "Right. I remember Mr. Haver calling me and I told him he should not report to work until I got approval for funding. The funding was slow coming that year, and once I got approved on my funding, I called him up and told him to report to work." Hearing Transcript, July 26, 1984, (H.T.) at 62. On cross-examination Sudzina stated he advised the Board that the federal funding was not in place and that a Board member instructed him to inform Haver not to come to work (H.T. 73-74).

Mr. Sudzina reiterated that in August of 1973, Haver telephoned and was told, "You can report to work when I get the funding. When I find out about the funding I will call you as soon as I find out." (H.T. at 80) Although Haver was not directed to report at the beginning of the school year Haver testified that he was never told by the Board or the Superintendent not to report to work (H.T. at 53, 91). The Board never took any official action to suspend, furlough or discharge Haver in 1973 or at any time and Haver never requested a leave of absence.

On October 11, 1984, the Board determined that the delay in Haver's reporting to work in September of 1973 was not the result of any official Board action and that there was no break in service so as to reduce seniority. Based upon the record of the proceedings before the Board the trial court by order dated December 3, 1987, determined that Haver's time-off in 1973 was not approved by the Board, was therefore not an approved leave of absence and accordingly was not entitled to credit, and that Haver was entitled to be credited with seniority only for the part-time hours he actually worked. Based upon this conclusion the trial court

found that Sturm was senior to Haver and directed that Sturm be reinstated with back pay and emoluments.

The District appeals and raises the following questions: first, whether a professional employee is entitled to full seniority for a period of time that he was deprived of any opportunity to work without the approval of the Board; second, whether an absence with the approval and sanction of his superior, was an approved leave of absence; third, whether an unapproved reduction in work hours results in a reduction of the employee's seniority; and fourth, did the trial court correctly determine that Haver had more seniority than Sturm.

Sturm contends that Haver's absence of sixteen (16) school days constituted a break in seniority. Sturm asserts that prior to the enactment of Section 1125.1(a) of the Public School Code of 1949[1] a leave of absence, even if approved, except for sabbatical leave and military leave, ended an employee's seniority so that the employee's seniority on return was zero. We have determined that, contrary to Sturm's assertion, there is no firm holding that all unauthorized leaves constitute breaks in service. *Big Beaver Falls Area School District v. Cucinelli*, 112 Pa. Commonwealth Ct. 341, 346, 535 A.2d 1205, 1208 (1988). Also, the trial court, in accord, found that Haver was not entitled to be credited with full seniority but that he should have been credited with the seniority for the part-time he actually worked. Sturm did not appeal from the trial court's adjudication and cannot now assert that Haver's seniority should be zero.

The proper scope of review of the Board's decision is whether constitutional rights have been violated or an

---

[1] March 10, P.L. 30, *as amended*, 24 P.S. §11-1125.1(a). Section 1125.1 was added by the Act of November 20, 1979, P.L. 465.

error of law committed, and whether necessary factual findings of the Board are supported by substantial evidence. 2 Pa. C.S.A. §754(b). The trial court found that the Board's determination that there was no break in the service of Haver was not supported by substantial evidence.

While we do agree with the trial court's reasoning that Haver not be given seniority for the period he did not work we do not agree with the trial court's determination that Haver should only receive pro-rated seniority for the half days he worked from September 26, 1973, to October 16, 1973. During the period under scrutiny Haver was never a part-time employee requiring pro-rated seniority. *Phillippi v. School District of Springfield Township*, 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977). Haver was a full-time employee who worked part time because the District did not have the funding to pay him for a full day. Haver consented to the salary reduction but Haver did not consent to any reduction in seniority. He must be given full seniority credit beginning September 26, 1973.

Accordingly, by crediting Haver with his proper seniority he is senior to Sturm because he was hired thirty-five (35) calendar days before Sturm in 1972, and because Sturm began working only twenty-two (22) days before Haver in September, 1973.

The order of the trial court is reversed.

### ORDER

Now, September 28, 1988, the order of the Court of Common Pleas of Allegheny County dated December 3, 1987, is reversed and the School Board's suspension of Thomas J. Sturm is reinstated.