614 A.2d 360

**Robert H. ZONG, Petitioner,**

v.

**INSURANCE DEPARTMENT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 2, 1992.

Decided Aug. 17, 1992.

Timothy O. Nolen, for petitioner.

Amy L. Weber, Dept. Counsel, for respondent.

Before DOYLE and FRIEDMAN, JJ., and LEDERER, Senior Judge.

DOYLE, Judge.

This is an appeal by Robert H. Zong from a decision of the Insurance Commissioner (Commissioner) upholding the determination of the Pennsylvania Department of Insurance (Department) that Federal Kemper Insurance Company's nonrenewal of Zong's automobile insurance policy did not violate the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11 (Act 78).

On February 21, 1990, Zong was driving east on Allentown Road in Towamencin Township, Montgomery County. According to Zong, another vehicle approached him from behind and began to tailgate him. Zong attempted to pull off to the side of the road to allow the tailgating vehicle to pass and, when he did so, the other vehicle collided with the rear of Zong's vehicle.

After the collision, Zong and the driver of the other vehicle drove to a nearby convenience store where they found a police officer and reported the accident. The officer administered a

pre-arrest breath alcohol test to Zong and issued Zong a nontraffic citation for the summary offense of public drunkenness. *See* Section 5505 of the Crimes Code, 18 Pa.C.S. § 5505. Zong was not charged with driving under the influence of alcohol but he did not contest the summary offense citation and paid a $100 fine.

Zong reported the accident to his insurance carrier, Federal Kemper Insurance Company (Kemper), which initiated an investigation. On September 19, 1990, Kemper issued to Zong a "Notice of Cancellation or Refusal to Renew" which informed him of Kemper's decision not to renew his insurance. The reason for nonrenewal was stated as being "[u]se of alcoholic beverages to the extent that it materially increases the probability of loss. 2–21–90 insured vehicle caused claimant vehicle to strike insured vehicle. $2,837 collision, $255 property damage."

At Zong's request, the Department reviewed Kemper's nonrenewal and in a letter dated November 27, 1990, the Department informed Zong that the nonrenewal did not violate Act 78.[1] Zong appealed this determination to the Commissioner and a formal hearing was held on April 3, 1991.

At the hearing, Kemper introduced only a police report of the accident, which detailed events as recorded by the officer and stated that Zong had been issued a nontraffic public drunkenness citation, and the notice of loss filed by Zong's insurance agent with Kemper. Zong appeared without counsel and testified, *inter alia,* that, although he had had two beers shortly before he drove on the night of the accident, his driving had not been impaired by alcohol. Zong also testified that by paying the fine for public drunkenness he had not intended to admit guilt, but had only wanted to avoid the time and expense of litigation. He also contested the accuracy of the police report but did not object to its admission into the record. Following the hearing, on September 30, 1991, the

---

1. Section 3 of the Act, 40 P.S. § 1008.3, prevents an insurer from cancelling, refusing to renew or refusing to write an automobile insurance policy for certain specifically enumerated reasons, none of which are before us now.

Commissioner issued an order and adjudication affirming the Department's determination that Kemper's action did not violate Act 78. This appeal followed.[2]

On appeal, Zong raises three issues. First, he contends that the Commissioner's designee, the presiding officer at the hearing, erred by admitting into evidence the police report detailing the accident. Zong then argues that the sole basis for Kemper's nonrenewal of the policy was the citation for public drunkenness, as opposed to evidence of Zong's conviction, and that the citation in and of itself could not serve as the basis for nonrenewal. Finally, Zong maintains that the Commissioner erred by concluding that a conviction upon a citation for public drunkenness is sufficient in and of itself to prove both the consumption of alcohol and its adverse affect on Zong's driving. We will address these issues seriatim.

▆ Zong maintains first that the police report presented by Kemper was hearsay and thus, was improperly admitted into evidence. While the admitted report might have been hearsay, it is clear from the record that Zong interposed no objection at the time of the hearing.[3] Because Zong failed to raise this issue below, he cannot now raise it for the first time on appeal. *See Pennsylvania National Mutual Casualty Insurance Co. v. Insurance Commissioner*, 121 Pa.Commonwealth Ct. 618, 551 A.2d 368 (1988), *petition for allowance of appeal denied*, 522 Pa. 581, 559 A.2d 41 (1989); Pa.R.A.P. 1551.

▆ Zong argues that he did raise the issue below because his contention at the hearing that the report was inaccurate was tantamount to a hearsay objection. We cannot

**2.** Our scope of review of an order of the Commissioner is limited to a determination of whether constitutional rights were violated, errors of law were committed, and necessary findings of fact were supported by substantial evidence. *See Appeal of Tabas*, 81 Pa. Commonwealth Ct. 527, 473 A.2d 1143 (1984); Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**3.** After indicating that "police reports are generally considered hearsay" unless supported by corroborating evidence, (N.T. at 19) the presiding officer at the hearing asked Zong if he had any objection to the report being offered into evidence. Zong responded "no." N.T. at 20.

agree. The purpose of Pa.R.A.P. 1551 is to provide the lower tribunal with an opportunity to correct alleged errors, thus increasing the efficient use of judicial resources by obviating the need for appellate review. *See Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). Zong's argument that the report was inaccurate was not calculated to bring the alleged error (*i.e.,* the hearsay problem) to the attention of the presiding officer and allow him to address the alleged error.

 Zong also suggests that, because he is not an attorney and was proceeding at the hearing *pro se,* he should be allowed greater latitude concerning what constitutes a hearsay objection. We have held that where a person proceeding before an administrative agency is not represented by counsel, the hearing officer must be unusually cautious to insure that all issues are fully examined. *See Brandt v. Department of Public Welfare,* 58 Pa.Commonwealth Ct. 266, 427 A.2d 758 (1981); *Brennan v. Unemployment Compensation Board of Review,* 87 Pa.Commonwealth Ct. 265, 487 A.2d 73 (1985). In the instant case, however, we conclude that the presiding officer was sufficiently cautious and in fact suggested the hearsay objection to Zong. This is clear from the fact that the presiding officer told Zong that such reports were usually considered hearsay.

Zong's next contention concerns his citation for public drunkenness, a summary offense under the Crimes Code, 18 Pa.C.S. §§ 106, 5505. Kemper admitted that it relied solely on the contents of the police report, which indicated that Zong had been cited but did not contain any information concerning the disposition of the citation, in its nonrenewal decision. Zong argues that Kemper was thus relying on the mere fact that he was issued a citation and that this is irrelevant and inadmissible without competent proof that he was actually convicted of the offense.

 The fact that Kemper may have based its decision on the citation rather than proof of conviction is irrelevant because Kemper is not a judicial body and its decisions are not

required to conform to the rules of evidence. Furthermore, there was substantial evidence of record to allow the Commissioner to conclude that Zong was convicted of public drunkenness. Zong himself admitted that he paid a $100 fine as a result of the citation and the payment of fines and costs of a summary criminal citation constitutes a guilty plea. *See* Pa. R.Crim.P. 59; *Appeal of Suspension of McClellan,* 82 Pa.Commonwealth Ct. 75, 475 A.2d 867 (1984).[4]

Finally, Zong takes issue with the Commissioner's conclusion that "conviction of the summary offense of public drunkenness is sufficient to prove both the consumption of alcohol and its effect on his driving" and that Kemper thus satisfied its burden of proving "that Mr. Zong's consumption of alcohol adversely affected his operation of a motor vehicle." Order and Adjudication of Commissioner at 9. Zong casts his argument as one of substantial evidence, but it really concerns an issue of law. We have already determined that there was substantial evidence for the Commissioner to conclude that Zong was cited and convicted for public drunkenness. The question then becomes whether, as a matter of law, this is sufficient cause for Kemper to refuse to renew Zong's policy.

We have held that "[a]ny good reason not specifically stated in Section 3 of Act 78, 40 P.S. § 1008.3, as a reason for refusing to renew a policy may be considered by the insurer in its determination regarding renewal." *Samilo v. Insurance Department,* 98 Pa.Commonwealth Ct. 232, 510 A.2d 412 (1986). In *Samilo,* the petitioner had been involved in an auto accident after which his insurer decided not to renew his policy. Samilo challenged the nonrenewal, but testified that drinking had been involved in the accident. We stated that the insurer had good reason to refuse to renew Samilo's policy

---

4. While we are not unmindful of our Supreme Court's decision in *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965), *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), which held that evidence of the conviction of a traffic violation or of small misdemeanors is not admissible in a civil suit for damages arising out of the same traffic violation or lesser misdemeanors, the present situation is distinguishable in that it involves more than a mere traffic violation and because here we are dealing with an administrative proceeding rather than a civil trial for damages. *See Appeal of Suspension of McClellan.*

based upon Samilo's concession that he had an accident while under the influence of alcohol.

Zong argues that his case is distinguishable from *Samilo.* Zong, although admitting that he had drunk two beers minutes before driving, steadfastly denied that he had been under the influence of alcohol at the time of the accident. He contends that the mere proof of his consumption of alcohol, together with evidence of an automobile accident, is not enough to warrant the conclusion that consumption of alcohol contributed to the accident.

What Zong ignores, however, is his conviction for public drunkenness and what this entails. Section 5505 of the Crimes Code, 18 Pa.C.S. § 5505, defines the offense of public drunkenness as follows:

> A person is guilty of a summary offense if he appears in any public place manifestly *under the influence of alcohol to the degree that he may endanger himself or other persons or property,* or annoy persons in his vicinity. (Emphasis added.)

Thus, by pleading guilty to public drunkenness, Zong admitted that he was under the influence of alcohol to the extent that he may have endangered himself or other persons or property. Zong's situation is not, therefore, distinguishable from that present in *Samilo,* as Zong, in effect, conceded that he was under the influence of alcohol at the time of his accident. We conclude that the Commissioner did not commit an error of law by concluding that a conviction for public drunkenness issued after an accident is sufficient to prove both consumption of alcohol and its adverse effect on an insured's driving and in finding that Kemper had met its burden of showing good reason for refusing to renew Zong's policy.

Accordingly, the decision of the Commissioner is affirmed.

FRIEDMAN, J., dissents.

### ORDER

NOW, August 17, 1992, the order of the Pennsylvania Insurance Commissioner in the above-captioned matter is hereby affirmed.