**Erin E. CONNOR, Petitioner,**

v.

**INSURANCE DEPARTMENT, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 24, 2002.

Decided Sept. 10, 2002.

---

Randolph A. Scott, Warrington, for petitioner.

Sandra L. Ykema, Harrisburg, for respondent.

Thomas E. Brenner, Harrisburg, for intervenor, Erie Insurance Exchange.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Erin Connor petitions for review of the December 28, 2001 adjudication and order of the Insurance Commissioner which affirmed the May 29, 2001 decision of the Insurance Department that Erie Insurance Exchange (Erie) complied with the law governing nonrenewal of automobile insurance policies when it issued to Connor a notice of nonrenewal of her policy. Connor raises two questions for review: Does

an insurance company under Sections 2001–2013 of the act commonly known as "Act 68," Act of May 17, 1921, P.L. 682, *as amended,* added by Section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. §§ 991.2001–991.2013, have good cause justifying the nonrenewal of an automobile insurance policy on the basis that the insured had one accident when the insured had consumed an alcoholic beverage but was not shown to have been under the influence of alcohol. Also did the Insurance Commissioner err in finding that the consumption of alcohol had an adverse effect on Connor's driving.

On November 11, 2000, Connor was involved in a single vehicle automobile accident that occurred when her vehicle struck two utility poles on the opposite shoulder of the road surface that she traveled in Doylestown, Bucks County. Police responding to the scene conducted two field sobriety tests on Connor and took her to the local hospital for a blood alcohol test. Following the results of the test, Connor was subsequently charged with Driving Under the Influence (DUI). Pursuant to an offer by the District Attorney's Office, Connor entered into the Accelerated Rehabilitative Disposition Program (ARD), and her driver's license was suspended for thirty days from March 19 to April 18, 2001.

Erie obtained a statement from Connor concerning the accident, obtained a copy of the police accident report and secured her certified driving record. On March 19, 2001, Erie issued a Notice of Nonrenewal stating:

> On 11/11/00, you struck a pole. We paid $7,373.47. Prior to the accident you had been drinking alcoholic beverages to the extent that it materially increased the probability of loss. We are not renewing your Erie Insurance Exchange policy because of the substantial change of

an increase in hazard presented by your drinking and driving.

On April 11, 2001, Connor filed a request with the Insurance Department's Bureau of Consumer Services for a review of Erie's decision. The Department conducted an investigation and issued a determination on May 29, 2001 indicating that Erie had complied with Act 68, the law governing the nonrenewal of automobile insurance policies. Connor then requested a formal administrative hearing, which was held in September. On December 28, 2001, the Insurance Commissioner issued her adjudication and order affirming the Department's determination that Erie did not violate Act 68 when it refused to renew Connor's policy.

The Insurance Commissioner explained the burden of proof in nonrenewal cases, stating that a two-part analysis must be undertaken to determine whether an insurer has complied with the law when it issues a nonrenewal. First, the insurer's proffered reason for nonrenewal must be facially non-prohibited by statute, and, secondly, the proffered reason must not be mere pretense for a prohibited reason. *See Aetna Casualty and Surety Co. v. Insurance Department,* 536 Pa. 105, 638 A.2d 194 (1994); *Samilo v. Insurance Department,* 98 Pa.Cmwlth. 232, 510 A.2d 412 (1986). It is clear that an insurer may use any good reason not prohibited by statute when making its underwriting decisions, and even if the proffered reason lacks good cause a nonrenewal is not tantamount to an automatic violation of Act 68. *Aetna; Samilo.* Based on controlling law, the Insurance Commissioner determined that, absent a DUI conviction, Erie had to prove that Connor consumed alcohol and that it had an adverse effect on her driving. Once that burden is met, the burden shifted to Connor to prove that Erie should not have terminated the policy.

The Insurance Commissioner found that Erie based its nonrenewal on the reason stated in its notice after obtaining information from Connor's statement, the police accident report and her certified driving record. Further, Corporal David Duffy, Doylestown Township Police Department, described his observations of the accident scene and Connor's demeanor. Corporal Duffy testified that Connor had an odor of alcohol, glassy eyes, slurred speech and staggered gait and that she failed two field sobriety tests. Connor was arrested for drunk driving, and based on her blood alcohol content, DUI charges were filed against her. Connor testified that she drank four glasses of wine at an earlier event and that during the accident she collided with a utility pole, causing damage to her vehicle and to the pole.

■ The Insurance Commissioner determined that pursuant to *Samilo* Erie's nonrenewal was permitted as it was based on the insured's use of alcoholic beverages to the extent that it materially increased the probability of loss as indicated by the accident.[1] The Commissioner stated that the proffered reason for Erie's nonrenewal does not represent a prohibited reason under Act 68, and, moreover, it does not reflect a mere pretense for a prohibited reason. Thus Erie had met its burden of proof, and Connor's participation in the ARD program was insufficient evidence to satisfy the burden that shifted to her to prove that the policy should not have been terminated.

■ Connor argues that she has had 15 years of insurance with Erie without a major incident and that Section 2003 of the Act, 40 P.S. § 991.2003,[2] prohibits an insurer from refusing to renew a policy on the basis of one accident within the three years preceding a policy's anniversary date. *See also Hallowell v. Insurance Department*, 105 Pa.Cmwlth. 143, 523 A.2d 826 (1987). Connor contends that Erie failed to prove by competent evidence that she was driving her vehicle while drinking, that she was impaired or under the influence of the wine that she consumed prior to the accident or that her blood alcohol level exceeded .10 percent, the statewide limit. The Court rejects the notion that Erie could not meet its burden without a criminal DUI conviction. To the contrary, Erie only had to prove that Connor consumed alcoholic beverages, which had an adverse effect on her driving. Erie satisfied that burden.

Connor attempted to distinguish the two cases in which this Court addressed issues similar to those presented in her case. In *Samilo* the petitioner admitted that he was impaired from the consumption of alcohol at the time of the accident involved in that

1. This Court's review is limited to a determination of whether constitutional rights were violated or errors of law were committed and whether necessary findings of fact were supported by substantial evidence. *Komada v. Browne*, 97 Pa.Cmwlth. 19, 508 A.2d 1284 (1986).

2. **Section 2003. Discrimination prohibited**
    (a) An insurer may not cancel or refuse to write or renew a policy of automobile insurance for any of the following reasons:
    (1) Age. . . .
    (2) Residence or operation of a motor vehicle in a specific geographic area.
    (3) Race.
    (4) Color.
    (5) Creed.
    (6) National origin.
    (7) Ancestry.
    (8) Marital status.
    (9) Sex.
    (10) Lawful occupation, including military service.
    . . . .
    (14)[(b)] An insurer may not cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six (36) month period prior to the upcoming anniversary date of the policy.

case. Connor maintains that she never admitted impairment from alcohol at the time of the accident or that she was drinking and driving. In *Zong v. Insurance Department*, 150 Pa.Cmwlth. 66, 614 A.2d 360 (1992), the petitioner was involved in an accident with another vehicle, and the investigating police officer issued a citation to Zong for public drunkenness. Zong admitted his guilt by paying the required fine. Connor contends that she was never convicted of driving under the influence nor did she admit guilt by participating in the ARD program. The Court, however, is not persuaded that Connor's circumstances are distinguishable from those in *Samilo* and *Zong*. The ultimate issue in each case is the insured's drinking which increased the risk of loss, thus justifying nonrenewal.

█ The Department and Erie, as Intervenor, argue that substantial evidence exists in the record to support the Insurance Commissioner's finding that Erie did not renew Connor's policy because she had been drinking alcoholic beverages to the extent that it materially increased the probability of loss. Although Connor does not admit to driving under the influence of alcohol, she provided a statement to Erie admitting that she consumed alcohol prior to the accident, and Corporal Duffy's testimony provided substantial evidence to establish that Connor drove her vehicle while under the influence. Moreover, the parties do not dispute that Erie paid substantial damages as a result of the accident.[3]

█ Based on the foregoing discussion and a thorough examination of the record,

the Court concludes that the Insurance Commissioner's findings are based on substantial evidence and that they support the conclusions that she reached. Thus the Insurance Commissioner did not commit an error of law when she determined that Erie's nonrenewal did not violate Act 68 as the decision to terminate Connor's automobile insurance coverage was based on her proven consumption of alcohol, which materially increased the probability of loss as evidenced by the accident, and that this reason was not a pretext for a prohibited reason under the Act. Because Erie's nonrenewal of Connor's policy did not violate Act 68, the Court affirms the order of the Insurance Commissioner.

### ORDER

AND NOW, this 10th day of September, 2002, the order of the Insurance Commissioner is affirmed.

**J.H., Petitioner,**

v.

---

**3.** Connor argues that the police officer who produced the report of her accident was not qualified to offer an opinion as to whether she was intoxicated. Connor apparently did not object to the officer's testimony or to his qualifications. Nonetheless, based on his observations Corporal Duffy believed that Connor operated her vehicle while under the influ-ence of alcohol. A reasonable person in the officer's position, viewing the circumstances as they existed at the time, could likewise have concluded that Connor operated her vehicle while under the influence of alcohol. *McCallum v. Commonwealth*, 140 Pa.Cmwlth. 317, 592 A.2d 820 (1991).