In the Matter of the Establishment of Representation of the Cameron County School Board by 9 Directors Elected at Large. Resident Electors and Byron D. Murray, Appellants.

Submitted on briefs October 5, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL and DOYLE.

*Cartwright, Fernan and Whitney,* for appellants.

*Edwin W. Tompkins, II,* for appellee.

*Patrick J. Kronenwetter,* for intervenors.

OPINION BY JUDGE DOYLE, February 7, 1983:

This is an appeal from the order of the Court of Common Pleas of Cameron County denying and dismissing a petition of resident electors which sought to replace the regional election of school directors in the Cameron County School District (District) with an at-large election. For the reasons which follow, we reverse and remand.

On November 21, 1966, a regional plan for the election of school directors for the District was established by order of the Court of Common Pleas of Cameron County. This plan separates the County into three regions which are compatible with the boundaries of election districts which are subsumed within the three regions. The three regions are the Emporium Region, the Shippen-Portage Region and the Southern Cameron Region.[1] According to the plan, three school directors would be elected from each region. On August 20, 1981, a petition of resident electors was filed with the Court of Common Pleas of Cameron County, which sought to abolish the regional representation plan and substitute therefor an at-large election of all nine school directors. The resident electors alleged that the regions have grossly disparate populations, and there-

---

[1] The affidavit of Verle Jack, Chief Clerk of Cameron County's registration office established the following regional breakdown according to election districts and voter registration statistics:

*Voter Regstration*

Emporium (Borough):

| | | |
|---|---|---|
| East Ward | | 409 |
| Middle Ward | | 542 |
| West Ward | | 714 |
| | Total | 1665 |

Shippen-Portage:

| | | |
|---|---|---|
| West Shippen | | 799 |
| East Shippen | | 613 |
| Portage | | 148 |
| | Total | 1560 |

Southern Cameron:

| | | |
|---|---|---|
| Lumber | | 137 |
| Gibson | | 144 |
| Grove | | 129 |
| Driftwood | | 82 |
| | Total | 492 |

fore the existing plan is contrary to the requirements of the Public School Code of 1949 (Code).[2] On September 22, 1981, the court of common pleas issued a memorandum opinion and order denying and dismissing the resident electors' petition. This appeal followed.

The first question raised by this appeal is whether the resident electors can petition for an at-large representation plan for the District. Section 303 of the Code provides for three alternative representation plans for a school district. School directors may be elected at-large, pursuant to Section 303(a) of the Code, or on a regional basis, or on a combined regional/at-large basis, pursuant to Section 303(b)(1) of the Code. Section 303(b)(3), in pertinent part, also provides: "Any proposed change in an approved plan, *including abolition of regional representation*, shall be submitted for approval to the court of common pleas by the board of school directors, *or by a petition of the resident electors within the district.*" 24 P.S. §3-303 (b)(3) (emphasis added). Clearly, the resident electors may petition to abolish regional representation in favor of an at-large election of school directors. It is uncontested that Appellant's petition, which contained the signatures and addresses of 235 resident electors, had sufficient valid signatures to satisfy the requirements set forth in Section 303(b)(2) of the Code.[3]

---

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101 through 27-2702.

[3] Section 303(b)(2) of the Code provides:

Electors equal to at least twenty-five (25) per centum of the highest vote cast for any school director in the last muncipal election may develop a plan to elect school directors from regions or to elect some school directors from regions and some from the school district at large.

Since the highest voste cast for a director at the pertinent municipal election was 838, 25% of that number would be 210.

We must now turn our attention to the existing regional representation plan of the District. As established by the 1980 Decennial Census, U.S. Department of Commerce, Bureau of the Census, the resident population of the respective regions and their corresponding population percentages are as follows:

| School District Region | Population | Percentage |
|---|---|---|
| a) Emporium | 2837 | 42.5% |
| b) Shippen-Portage | 3067 | 46.0% |
| c) Southern Cameron | 770 | 11.5% |
| Total | 6674 | 100% |

Each region elects three members to the District's school board. To further illustrate the imbalance among the regions, Appellants point out that in the Emporium Region there is one director for every 946 residents; in the Shippen-Portage Region there is one director for every 1,022 residents; and in the Southern Cameron Region there is one director for every 256 residents. Appellants contend that this regional representation plan does not satisfy the requirements of Section 303(b)(3) of the Code. We agree. Section 303(b)(3) of the Code establishes two requirements regarding the boundaries of regions: "[t]he boundaries of the regions shall be fixed and established in such manner that the population of each region shall be as nearly equal as possible and shall be compatible with the boundaries of election districts." 24 P.S. §3-303(b)(3). Both of these requirements must be satisfied. *Spring-Ford Area School District Division Case,* 210 Pa. Superior Ct. 338, 234 A.2d 184 (1967).

This Court is convinced that the population standard has not been fulfilled by the District's present regional representation plan. Our Superior Court has held that a disparity of two to one between the largest and smallest regions in a nine region district is ac-

ceptable. *Chichester School District Division Case,*
210 Pa. Superior Ct. 426, 234 A.2d 187 (1967). In the
case at bar, we are presented with a disparity of al-
most four to one in a three region district. In an ex-
clusively regional representation plan, such a devi-
ation cannot be considered *as nearly equal as possible.*

In support of the existing representation plan, Re-
spondents point out that, when the plan was adopted
sixteen years ago, the population disparity among the
regions was, for practical purposes, the same as it is
today. The Court is not persuaded by this informa-
tion. The ability of the resident electors to petition for
the abolition of regional representation is not predi-
cated upon a change in population patterns. Further-
more, an invalid representation plan will not mature
into an acceptable plan simply because it has never
before been challenged.

Respondents also argue that "the integrity of the
election districts must take priority over the popula-
tion factor." *Chichester* at 431, 234 A.2d at 190.
While the Court agrees with this general proposition,
it is necessary to point out that the *Chichester* court
was confronted with a minor deviation in the equality
of regional population. Here, however, we have found
a *significant* disparity among the regions' populations.

The District, having selected a three-region repre-
sentation plan, was not only compelled to establish re-
gional boundaries which were compatible with election
districts, but also required to create regions with pop-
ulations which were as nearly equal as possible. Com-
pliance with the former requirement does not provide
justification to ignore the latter requirement. Election
district boundaries *can* be preserved, and the impact
of significant population deviation might also be
avoided by adopting a combined regional/at-large rep-
resentation plan. Appellants had initially petitioned
for at-large representation. Before this Court how-

ever, Appellants indicate that the combined method would be an acceptable alternative. We remand this matter to the Court of Common Pleas of Cameron County so that the District or resident electors may propose an acceptable representation plan to replace the existing plan.

ORDER

Now, February 7, 1983, the order of the Court of Common Pleas of Cameron County in the above referenced matter is hereby reversed and remanded for further proceedings consistent with the preceding opinion.