595 A.2d 712

**Charles W. HAWKINS, Petitioner,**

v.

**PENNSYLVANIA HOUSING FINANCE AGENCY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 12, 1991.

Decided July 16, 1991.

284

Eileen D. Yacknin, Pittsburgh, for petitioner.

John F. Goryl, Harrisburg, for respondent.

Before PALLADINO and BYER, JJ., BARBIERI, Senior Judge.

PALLADINO, Judge.

Charles W. Hawkins (Petitioner) petitions for review of an order of the Pennsylvania Housing Finance Agency (Agency) denying his application for emergency mortgage assistance under Article IV-C of the Housing Finance Agency Law (Act 91).[1] We affirm.

Petitioner purchased a home in 1977 with a mortgage obtained from National First Mortgage Company. Petitioner was incarcerated thereafter, and during this time, ar-

---

1. Act of December 3, 1959, P.L. 1688, *as amended,* added by Section 2 of the Act, Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. §§ 1680.401c–1680.410c.

rangements to keep the mortgage payments current failed. The mortgage company sent Petitioner a foreclosure notice in November, 1987. Petitioner's subsequent repayment efforts likewise failed, and he received a final default notice.

Petitioner filed an application for assistance under Act 91, but his request was denied by the Agency [2] on the grounds that (1) the property securing the mortgage was not owner-occupied as required by Section 404–C(a)(1) of Act 91,[3] and (2) Petitioner has failed to establish a financial hardship beyond his control as required by Section 404–C(a)(4) of Act 91.[4]

Petitioner appealed the Agency decision, requesting a hearing to present evidence as to the cause of his financial hardship. The Agency affirmed its decision based on the "owner-occupied" requirement, and denied the request for an evidentiary hearing.[5]

On appeal to this court,[6] petitioner raises one issue: whether Agency improperly construed the statutory occupancy and residency requirements of Act 91.[7]

**2.** Agency decision of May 1, 1990, Exhibit 17.

**3.** 35 P.S. § 1680.404c(a)(1). This section states that no assistance may be provided unless "[t]he property securing the mortgage, or other security interest in the case of units in cooperative or condominium projects, is a one-family residence, or two-family owner-occupied residence...."

**4.** 35 P.S. § 1680.404c(a)(4). This section states the further requirement that the applicant must be a permanent resident of Pennsylvania and must be "... suffering financial hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments."

**5.** Agency correspondence of June 15, 1990, Exhibit 22. This letter sets forth only the issue that the mortgaged property is not owner-occupied as grounds for denial of the hearing.

**6.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether the findings of fact are not supported by substantial evidence. *Felegie v. Pennsylvania Housing Finance Agency*, 104 Pa.Commonwealth Ct. 128, 523 A.2d 417 (1987).

**7.** In its response, the Agency contends that its decision to deny Petitioner's application is correct, based separately on Petitioner's alleged failure to prove a financial hardship beyond his control.

■ Initially, we note that when a statute is interpreted by an agency, such interpretation shall be accorded great weight and shall be overturned or disregarded only if such construction is clearly erroneous. *Valentine v. Pennsylvania Housing Finance Agency*, 98 Pa.Commonwealth Ct. 350, 511 A.2d 915 (1986).

■ Regarding the occupancy requirements, Petitioner asserts that the language of section 404–C(a)(1) of Act 91 should be read so as to apply the phrase "owner-occupied" only to two-family dwellings. This argument is based largely on the presence of a comma inserted between the two phrases. Such interpretation is predicated upon an extremely narrow, grammatically-based analysis of the enabling statute. Such a reading is not supported by other areas of the text. Section 401–C(a)(2) of Act 91 clearly and unambiguously states that the provisions of the article shall not apply if "[t]he property securing the mortgage is not a one or two-family owner-occupied residence." This section indicates that Act 91 attaches the occupancy requirement to one-family dwellings, and 16 Pa.Code § 40.202(a)(1) and (3) [8] as applied by the Agency is fully consistent with the enabling statute. Therefore, we find the Agency's reading of the statute to be reasonable and uphold its decision that a single family dwelling must be owner-occupied for an applicant to be eligible to receive emergency assistance.

■ Alternatively, Petitioner argues that the statutory language of "owner-occupied residence" has been erroneously interpreted by the Agency. Petitioner contends that the Agency and this court should infuse the statutory terminology with the meaning of domicile, which the Petitioner argues is consistent with legislative intent. The

Petitioner asserts that the Agency has waived this ground for denial. Based on our disposition of the occupancy requirement issue, we need not address these contentions.

8. These subsections state that in order for an applicant to be eligible for emergency assistance, the property in question shall be:

(1) A one- or two-family owner-occupied residence.

. . . . .

(3) The principal residence of the Mortgagor.

Agency interprets the statute as requiring physical presence in the dwelling in order for the applicant to be entitled to assistance; incarceration indisputably prevents the fulfillment of this requisite physical presence.

The term "residence" is not defined explicitly in Act 91, so principles of construction dictate that such words and phrases are to be given their common meaning. *Odd Fellows Home of Pennsylvania v. Department of Public Welfare*, 56 Pa.Commonwealth 115, 424 A.2d 961 (1981). Residence is commonly defined as "[p]ersonal presence at some place of abode with no present intention of definite and early removal and with purpose to remain for undetermined period...."[9] Such a definition is clearly supportive of the Agency's interpretation. Both the enabling statute as well as the applicable code section expressly cite residency as a requirement in order to receive assistance. Had the drafters of Act 91 intended to base eligibility upon domicile, that word easily could have been substituted. In any event, the Agency's interpretation of the language of both the statute and the code is a reasonable construction. Therefore, the Agency's interpretation is not clearly erroneous and is upheld. Because Petitioner failed to meet the eligibility requirements for Act 91 assistance as interpreted by the Agency, assistance was properly denied. Accordingly, we affirm.

## ORDER

AND NOW, July 16, 1991, the order of the Pennsylvania Housing Finance Agency in the above-captioned matter is affirmed.

---

9. Black's Law Dictionary 1176 (5th ed. 1979).