620 A.2d 687

**Nancy D. CHERRY, Lou Ann (Brutz) Gray, Amanda L. Kyle, Holly A. Merryman, Tiffany H. Montgomery, Amy J. Power, Kathryn U. Sanida, and Lori Ann Skripek, Petitioners,**

**v.**

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided Feb. 1, 1993.

Mark P. Widoff, for petitioners.

Robert B. Hoffman, for respondent.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Petitioners [1] appeal from an order of the Board of Directors (Board) of the Pennsylvania Higher Education Assistance Agency (PHEAA), which accepted a hearing examiner's recommendation to exclude Petitioners from the benefits provided by the Urban and Rural Teacher Loan Forgiveness Act (Loan Act), Act of December 6, 1988, P.L. 1259, 24 P.S. §§ 5191–5197. We affirm.

The Loan Act provides for a reduction in the educational loan amount that recipients must repay if they teach in urban or rural school districts where over 8% of the average daily membership are low income pupils. Section 2 of the Loan Act, 24 P.S. § 5192, sets forth the legislative statement of

1. Petitioners are all in their first year of permanent full-time employment with various school districts throughout the Commonwealth. One is a school nurse; another is a school psychologist; the other six are school guidance counselors.

intent, providing insight into the Loan Act's purpose, as follows:

> The General Assembly finds and declares that:
>
> (1) The number of college students planning to enter the teaching profession appears to be inadequate to meet the need for teachers in our public schools.
>
> (2) Demand from industry and other opportunities attract existing and potential teachers away from the profession.
>
> (3) The pool of qualified teachers, especially those in math and science, has diminished.
>
> (4) Economically hard-pressed rural and urban school districts find it difficult to attract qualified teachers from the diminished pool.
>
> (5) Payment of a portion of student loans for certified teachers serves the important public purpose of encouraging new teachers to teach in economically hard-pressed areas of this Commonwealth.

Petitioners either applied for or made inquiries concerning their eligibility to participate in the loan forgiveness program. PHEAA's Administrative Review Committee (Review Committee) informed the Petitioners that they were ineligible. The Pennsylvania State Education Association (PSEA) appealed on Petitioners' behalf, and a hearing examiner appointed by the Board heard the appeal. The parties entered into a Stipulation of Facts, which are a part of the record.

The hearing examiner noted that the Pennsylvania Department of Education (PDE) certified each of the Petitioners to perform the functions for which they were hired by their respective school districts. The Petitioners all come within the Educational Specialist category,[2] which includes guidance counselors, psychologists and school nurses. PDE also issues

2. The general provision at 22 Pa.Code § 49.101, entitled Educational Specialist Certificates states, in part, that:

> The Department will issue educational specialist certificates to persons whose primary responsibility shall be to render professional service other than classroom teaching.

an Instructional Certificate,[3] which encompasses all classroom teachers, no matter what grade level or subject area that they teach. These two categories provide the basis upon which the hearing examiner made his recommendation.

The hearing examiner, agreeing with PHEAA's interpretation of a "qualified applicant,"[4] recommended to PHEAA's Board that:

> [I]ndividuals certified by the Pennsylvania Department of Education in the Instructional Area prima facie should be considered teachers for purposes of the Loan Forgiveness Act and that individuals certified by the Pennsylvania Department of Education in the Educational Specialist Area be denied eligibility for the Loan Forgiveness Program unless they can show that they spend more than 50% of their time in class room teaching.

Petitioner's Brief, Appendix C.

Because the words "teacher" and "teaching" appear in the Loan Act's definition of a "qualified applicant," the hearing examiner applied the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. §§ 1501–1991 to determine whether PHEAA's Review Committee correctly interpreted "teacher" and "teaching" as used in the Loan Act. The hearing examiner, also finding the Public School Code of 1949

3. The general provision concerning Instructional Certificates, provided at 22 Pa.Code § 49.81, states that:

> The Department will issue instructional certificates to persons whose primary responsibility is teaching.

4. Section 3 of the Loan Act, 24 P.S. § 5193, sets forth the following definition of a qualified applicant:

> § 5193. Definitions
>
> The following words and phrases when used in this act shall have the meanings given to them in this section unless the context clearly indicates otherwise:
>
> "Qualified applicant." A person who meets all of the following criteria:
>
> (1) Is certified by the Department of Education to teach.
>
> (2) Is in the first year of full-time teaching.
>
> (3) Is teaching at a Commonwealth-designated urban or rural public school district or at a nonprofit nonpublic school in such district at which students may fulfill compulsory attendance requirements.
>
> (4) Has borrowed through the agency-administered Guaranteed Student Loan Programs.

(School Code)[5] definitions inapplicable, agreed with the Review Committee's interpretation of a "qualified applicant" and suggested that the Board deny Petitioners' appeal. This decision rested on the conclusion that Petitioners were not "teachers" and did not "teach," as those words are used in the Loan Act.

PHEAA's Board accepted the hearing examiner's recommendation and denied Petitioners' appeal. Petitioners then appealed to this Court,[6] arguing that PHEAA improperly interpreted the words "teacher" and "teaching" as used in the Loan Act, to mean "class room teacher" and "class room teaching," resulting in the erroneous denial of the loan forgiveness benefits to Petitioners. Petitioners again argue that the School Code contains several definitions of the words "teacher," "teaching" and "professional employe" that encompass the positions held by Petitioners and should, therefore, bring them within the ambit of the Loan Act. The School Code sets forth the following definitions, which the Petitioners assert are pertinent:

> § 11–1101. Definitions.
>
> As used in this article,
>
> (1) The term "professional employe" shall include those who are certified as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

Section 1101 of the School Code, 24 P.S. § 11–1101.

> § 11–1141. Definitions.
>
> For the purposes of this subdivision.—

5. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

6. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether the findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

(1) "Teacher" shall include all professional employes and temporary professional employes, who devote fifty per centum (50%) of their time, or more, to teaching or other direct educational activities, such as class room teachers, demonstration teachers, museum teachers, counselors, librarians, school nurses, dental hygienists, home and school visitors, and other similar professional employes and temporary professional employes, certified in accordance with the qualifications established by the State Board of Education.

Section 1141 of the School Code, 24 P.S. § 11–1141.

§ 11–1142.1. Minimum salaries for teachers.

* * * * * *

(d) For purposes of this section, the following terms shall have the following meanings:

"Teacher" shall mean classroom teachers and all others included within the definition of "teacher" in section 1141, including speech correctionists and instructional department chairmen employed by a school district.

Section 1142.1 of the School Code, 24 P.S. § 11–1142.1.

After examining these definitions, we agree with the hearing examiner that the foreword to each section states that the definitions are applicable to particular sections or subdivisions of the School Code and are, therefore, limited. The parts of the School Code in which these definitions are found deal with employment and compensation. The definitions are not broad based nor are they meant to be applied universally to the entire School Code.

We are cognizant that the objective of all statutory interpretation is to effectuate the intention of the legislature. *See* 1 Pa.C.S. § 1921. Without any helpful legislative history to ascertain this intention, we may consider prior law or other statutes. *Id.* Having concluded that the definitions used in the School Code are inapplicable, we scrutinized a prior loan forgiveness program that required a qualified applicant to include no less than 50% of his normal teaching load in the

teaching of science of mathematics. 22 Pa.Code § 121.152(b).[7] This prior loan forgiveness program encouraged prospective teachers to enter the profession to teach mathematics and science; and one of the purposes of the Loan Act at issue here is to increase the pool of qualified teachers, especially in math and science. This comparison between the two loan programs persuades us to conclude that the legislature's intent focused on encouraging students to become classroom teachers, a conclusion endorsed by PHEAA.

Petitioners argue that, pursuant to Section 1932 of the Statutory Construction Act, 1 Pa.C.S. § 1932, statutes are in *pari materia* when they relate to the same persons or things, or the same class of persons or things, and that, if possible, statutes should be construed together. This argument would require us to use the definitions in the School Code to determine who may benefit from the Loan Act. Yet, Section 1903 of the Statutory Construction Act, 1 Pa.C.S. § 1903, provides that words and phrases are to be construed according to their common and approved usage. Although we do not want to convey the idea that Petitioners' jobs are less important, the positions held by the Petitioners are not commonly considered "teaching" positions by the general public.

Additionally, a principle of statutory construction provides that all words and provisions of a statute must be given effect, because the General Assembly is not presumed to have intended them as mere surplusage. 1 Pa.C.S. § 1922. But where the legislature includes specific language in one section of a statute and excludes it from another, it should not be implied where excluded. *Samilo v. Insurance Department,* 98 Pa. Commonwealth Ct. 232, 510 A.2d 412 (1986).

As stated above, the Loan Act provides a definition of a "qualified applicant." This definition does not cite to the School Code as a reference to help determine whether a

7. This regulation is a provision of the Scholars in Education Award Program and Loan Forgiveness Program issued under Section 4 of the Act of August 7, 1963, P.L. 549, *as amended,* 24 P.S. § 5104, and Section 1 of the Act of January 25, 1966, P.L. 1546, *as amended,* 24 P.S. § 5151.

recipient must be a class room teacher. However, the definitions of an "eligible rural public school district" and an "eligible urban public school district" both make reference to two sections of the School Code to identify the school districts that the legislature intended to benefit by making it easier to attract qualified teachers. Therefore, we conclude that by implication we cannot interject the various School Code definitions into the Loan Act. When the legislature includes reference to the School Code in two definitions, identifying the school districts to be benefitted by the Loan Act, but leaves out a reference to the School Code in a third definition, identifying a "qualified applicant," we will not interpose what the legislature deemed to exclude.

Furthermore, when a statute is interpreted by an agency, such interpretation shall be accorded great weight and shall be overturned or disregarded, only if such construction is clearly erroneous. *Hawkins v. Pennsylvania Housing Finance Agency,* 141 Pa. Commonwealth Ct. 283, 595 A.2d 712 (1991). PHEAA is charged with the responsibility of administering the Loan Act and establishing regulations, policies and procedures to effectuate it. *See* Section 7 of the Loan Act, 24 P.S. § 5197. PHEAA's determination of what constitutes a "qualified applicant" is clearly within its scope of responsibility and is, for the reasons discussed above, not clearly erroneous.

Accordingly, we affirm.

ORDER

AND NOW, this 1st day of February, 1993, the order of the Board of Directors of the Pennsylvania Higher Education Assistance Agency in the above-captioned matter is hereby affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. The majority concludes that "by implication ... [it] cannot interject the various School Code definitions into the Loan Act." The majority's conclusion is based on the lack of any reference to the School Code by the

legislature when defining "qualified applicant" under the Loan Act.

The purpose of the Loan Act is to attract qualified teachers to "[e]conomically hard-pressed rural and urban school districts" by "[p]ayment of a portion of student loans for certified teachers." See Section 2 of the Loan Act, 24 P.S. § 5192. Section 3 of the Loan Act states that a "qualified applicant" must meet the following criteria:

(1) Is certified by the Department of Education to teach.

(2) Is in the first year of full-time teaching.

(3) Is teaching at a Commonwealth-designated urban or rural public school district or at a nonprofit nonpublic school in such district at which students may fulfill compulsory attendance requirements.

(4) Has borrowed through the agency-administered Guarantee Loan Programs.

24 P.S. § 5193. Although the term "teacher" is not defined in the Loan Act, the legislature has previously defined the term. Section 1141 of the School Code defines "teacher" as "class room teachers, ... counselors, ... school nurses, and other similar professional employes certified in accordance with the qualifications established by the State Board of Education." 24 P.S. § 11–1141. This Court has previously determined that to qualify as a teacher under Section 1141 of the School Code one "must also show that he devotes at least half his time to teaching *or other direct educational activities.*" *Fiorenza v. Chichester School District,* 28 Pa.Commonwealth Ct. 134, 137, 367 A.2d 808, 810 (1977). (Emphasis added.)

In the present controversy, Petitioners are school guidance counselors, a school nurse and a school psychologist. Petitioners provide essential support to the students. Their activities address the educational, emotional, physical and environmental problems that confront students and which, if not adequately addressed, affect their academic performance. Petitioners spend a majority of their time engaged in these educational activities which can result in the difference between a student's educational success or failure. I believe Petitioners meet the definition of "teacher" as defined by the

legislature and were intended to participate by the legislature in the benefits of the Loan Act.

Each Petitioner also meet the requirements of a "qualified applicant" as defined in the Loan Act, and they are eligible to participate in the Urban and Rural Teacher Loan Forgiveness Program. Petitioners are certified by the Pennsylvania Department of Education, and in their first year of full-time employment when they either applied or were told not to apply for the Loan Forgiveness Program and are employed in qualifying school districts.

I would reverse the decision of the Board of Directors of the Pennsylvania Higher Education Assistance Agency.