642 A.2d 463

Nancy D. CHERRY, Lou Ann (Brutz) Gray, Amanda L. Kyle, Holly A. Merryman, Tiffany H. Montgomery, Amy J. Power, Kathryn U. Sanida, and Lori Ann Skripek, Appellants,

v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Appellee.

Supreme Court of Pennsylvania.

Submitted March 2, 1994.

Decided May 25, 1994.

---

* Senior Justice Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of Justice Larsen, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

Mark P. Widoff, Harrisburg, for appellants.

Robert B. Hoffman, Harrisburg, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE, and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This case presents a narrow issue of statutory construction pertaining to the Urban and Rural Teacher Loan Forgiveness Act. The question is whether the word "teacher" means teacher or whether it includes nurses, guidance counselors,

and psychologists in addition to teachers, as it does in the School Code.

■ The Urban and Rural Teacher Loan Forgiveness Act, Act of 1988, Dec. 6, P.L. 1259, No. 155, 24 P.S. § 5191 *et seq.*, authorizes the Pennsylvania Higher Education Assistance Agency (PHEAA) to forgive portions of student debt incurred by borrowers engaged in "full-time teaching" in specified school districts in the Commonwealth. The eight appellants— employed as school nurses, guidance counsellors, and school psychologists—were denied loan forgiveness benefits by PHEAA on the basis that they were not engaged in full-time teaching under the loan forgiveness act. PHEAA's actions were upheld by the Commonwealth Court, which correctly applied a "clearly erroneous" standard of review to an agency's interpretation of a statute, as we must do as well. An interpretation by the agency charged with a statute's implementation is accorded great weight and will be overturned only if such a construction is clearly erroneous. *See Wiley House v. Scanlon,* 502 Pa. 228, 238, 465 A.2d 995, 1000 (1983); *Masland v. Bachman,* 473 Pa. 280, 290–91 n. 25, 374 A.2d 517, 522 n. 25 (1977).

■ The language at issue appears in the loan forgiveness act in 24 P.S. § 5194. The statute states:

**§ 5194. Urban and Rural Teacher Loan Forgiveness Program**

... For each academic year that the applicant is a full-time *teacher* in an approved Commonwealth urban or rural public school district, the agency may forgive a proportional part of the applicant's loan so that the loan may be entirely forgiven over four years of full-time teaching....

(Emphasis added.) PHEAA interpreted the criterion to require applicants to engage in classroom teaching for more than 50% of their time. Appellants do not contend that they satisfy this requirement, but dispute the interpretation of the word "teacher." Appellants argue that "teacher" in the statute has a broader meaning than classroom teacher, and should

be defined as it is in the School Code, Act of March 10, 1949, P.L. 30, No. 14, § 1141, 24 P.S. § 11–1141:

> *For the purposes of this subdivision,*
>
> (1) **"Teacher"** shall include all professional employes and temporary professional employes, who devote fifty per centum (50%) of their time, or more, to teaching or other direct educational activities, such as *class room teachers,* demonstration teachers, museum teachers, *counsellors,* librarians, *school nurses,* dental hygienists, home and school visitors, *and other similar professional employes* and temporary professional employes, certificated in accordance with the qualifications established by the State Board of Education.

(Emphasis added.) If the school code definition of "teacher" were applied to the loan forgiveness act, appellants would qualify for forgiveness of their educational loans.

PHEAA interpreted "teachers" to mean classroom teachers, excluding nurses, guidance counsellors, and psychologists. The Commonwealth Court, 153 Pa.Cmwlth. 210, 620 A.2d 687, affirmed because PHEAA's interpretation coincided with the common and approved usage of the term "teacher," rejecting a host of statutory construction arguments raised by appellants, primarily the contention that the school code definition of "teacher" should be incorporated in the loan forgiveness act.

The legislature has made legislative intent the lodestar of statutory construction: "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). Hard upon the heels of this standard is the rule: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Closely related is the instruction:

> Words and phrases shall be construed according to rules of grammar and *according to their common and approved usage;* but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are

defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S. § 1903(a) (emphasis added).

In applying these guidelines to the word "teacher" in the loan forgiveness act, the common and approved usage of the term is to refer to a classroom instructor. Clearly, the common usage does not encompass nurses, guidance counselors, and psychologists. There is no ambiguity in the term which justifies disregarding the words of the legislature on the pretext of pursuing the spirit of the law. Nor is there anything in the legislative history of the loan forgiveness act which gives special insight into the intent of the General Assembly beyond the preamble of the act, which states:

### § 5192.  Findings and declaration of intent

The General Assembly finds and declares that:

(1) The number of college students planning to enter the teaching profession appears to be inadequate to meet the need for teachers in our public schools.

(2) Demand from industry and other opportunities attract existing and potential teachers away from the profession.

(3) The pool of qualified teachers, especially those in math and science, has diminished.

(4) Economically hard-pressed rural and urban school districts find it difficult to attract qualified teachers from the diminished pool.

(5) Payment of a portion of student loans for certified teachers serves the important public purpose of encouraging new teachers to teach in economically hard-pressed areas of this Commonwealth.

24 P.S. § 5192.  This declaration of intent is perfectly reasonable using the common meaning of "teacher" and gives no hint that the legislature meant "teacher" to include other professionals.[1]  Thus, the loan forgiveness provisions of 24 P.S.

1. Appellants' argument appears to be that if teacher loan forgiveness will benefit education, then loan forgiveness for other professionals will benefit education even more, so the legislature must have intended to forgive loans for the other professionals.  We believe that if the legisla-

§ 5191 *et seq.* appear to refer to teachers only, and not to other professionals such as nurses, guidance counselors, and psychologists.

This would end our inquiry were it not for the adamant and importunate assertion by appellants that 1 Pa.C.S. § 1932 ("statutes in pari materia") compels a different result. This rule of statutory construction states: "(a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things. (b) Statues in pari materia shall be construed together, if possible, as one statute." Appellants argue that the school code, defining, in 24 P.S. § 11–1141, "teacher" to include nurses, guidance counselors, and psychologists, is in pari materia with the loan forgiveness act so that they should be construed together as one act, and the word "teacher" in the latter statute must be understood as the word is defined in the school code.

This argument strongly suggests the fallacy of petitio principii, begging the question or circular reasoning. If the loan forgiveness act and the school code relate to the same class of persons or things, then they are in pari materia; if they are in pari materia, then they should be construed together as one act; if they are construed together as one act, then the statutory definition of "teacher" in the school code should apply to the loan forgiveness act as well; if the school code definition of "teacher" applies to the loan forgiveness act, then the word "teacher" in the loan forgiveness act includes nurses, guidance counselors, and psychologists in addition to teachers; if the word "teacher" in both acts includes teachers, nurses, guidance counselors, and psychologists, then both acts relate to the same class of persons or things; therefore they are in pari materia and should be construed together as one act so that the school code definition of "teacher" should be applied to the loan forgiveness act and should include nurses, guidance counselors, and psychologists as well as teachers.

ture had so intended, it would have so stated. If we have misjudged the intent of the legislature, it will be a simple matter to amend the legislation to include professionals other than teachers.

Of course, appellants claim that without begging the question, the two statutes are in pari materia. The question, then, is whether "this subdivision" to which the school code definition of "teacher" applies, that is, subsection (D) of Article XI of the school code, pertaining to compensation of professional employees, 24 P.S. §§ 11–1141 through 11–1155, relates to the same class of persons or things as the loan forgiveness act, 24 P.S. §§ 5191–5197. We conclude that they do not.

Without circular reasoning, the loan forgiveness act, by its own terms, relates only to teachers. By contrast, the relevant subdivision of the school code, by its terms, relates to a variety of professional employees in addition to teachers. Furthermore, the loan forgiveness act relates to a special incentive bonus program, distinguishing it from the school code subdivision which relates to regular compensation for performance of hours, days, and years of contractual service. The two statutes thus relate to different persons and things. Therefore, we do not regard them to be in pari materia.

None of the arguments presented by appellants is sufficient to establish that the interpretation adopted by PHEAA is clearly erroneous. Therefore, the order of the Superior Court must be affirmed.

Order affirmed.

Frank J. MONTEMURO, J., is sitting by designation as senior justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of LARSEN, J. See No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.