In Re: Petition to Reapportion the : 
Wyomissing Area School District : 
from at Large to Three (3) : 
Regions for the Election of School : 
Directors : 
                                  :   No. 835 C.D. 2017
Appeal of: Valentin Rodriguez, Jr. :   Submitted: September 29, 2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: January 5, 2018


      West Reading Mayor Valentin Rodriguez, Jr. (Rodriguez) appeals from the Berks County Common Pleas Court's (trial court) May 9, 2017 order granting the Wyomissing Area School District's (District) summary judgment motion (Cross-Motion) and denying Rodriguez', James J. Gallen, Jr.'s and Elizabeth L. Heckler's (collectively, Resident Electors) summary judgment motion (Motion). The sole issue before this Court is whether the trial court erred or abused its discretion by granting the District's Cross-Motion and denying Resident Electors' Motion.[1] After review, we affirm.

_____

[1] Rodriguez' Statement of Issues to be Presented on Appeal contains four additional issues: (1) whether the trial court's narrow interpretation of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1-101 - 27-2702, was an error of law; (2) whether the trial court failed to consider the record fact that the West Reading Borough school director candidates have generally not been successful in at-large elections for over 20 years; (3) whether the trial court failed to consider its ability to redraw election districts pursuant to Section 502 of the Pennsylvania Election Code (Election Code), 25 P.S. § 2702; and (4) whether the trial court failed to read Section 303(b)(1)-(3) of the School Code, 24 P.S. § 3-303(b)(1)-(3), and Section 502 of the

## Background

The District is a third class school district composed of West Reading Borough and portions of Wyomissing Borough in Berks County. The District's Board of School Directors (School Board) is currently elected by an at-large election system, in which all registered voters cast votes for all School Board seats open for election. The District is currently comprised of six election precincts. Resident Electors made a presentation to the District arguing that the at-large election system is unfair to West Reading Borough residents and should be regionally reapportioned. The District declined to consider Resident Electors' proposal.

## Facts

On January 23, 2015, Resident Electors filed with the trial court a Petition to Reapportion the Wyomissing Area School District from At-Large to Three Regions for the Election of School Directors (Petition). On February 13, 2015, the District filed a Motion to Strike the Petition. The parties were ordered to file Findings of Fact and Conclusions of Law. On March 9, 2015, without commenting on the Petition's merits, and after considering the proposed findings of fact and conclusions of law, the Honorable Timothy J. Rowley (Judge Rowley) denied the Petition without prejudice to re-file, for failure to obtain the necessary registered voters' signatures to submit a proposed regional voting plan under Section 303(b)(2) of the Public School Code of 1949 (School Code),[2] 24 P.S. § 3-303(b)(2).

On November 2, 2015, Resident Electors filed a First-Amended Petition for Reapportionment of the District (Amended Petition), proposing that the trial court reapportion the voting precincts into three regions, each of which would elect three

---

Election Code in pari materia. *See* Rodriguez Br. at 4. As these issues are subsumed in the stated issue, we will address them therein.

[2] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1-101 - 27-2702.

members to the School Board. The proposal included a plan that would split one of the District's six voting precincts between two regions. On November 5, 2015, the District filed preliminary objections to the Amended Petition. Following argument, Judge Rowley overruled the preliminary objections. On December 23, 2015, the District filed a motion for reconsideration of the preliminary objections. On January 13, 2016, Judge Rowley denied the reconsideration motion. On January 14, 2016, the District filed its Answer to the Amended Petition.

On November 7, 2016, Resident Electors filed their Motion. By November 15, 2016 order, the case was transferred from Judge Rowley to the Honorable Madelyn S. Fudeman (Judge Fudeman). On December 1, 2016, the District filed its response to Resident Electors' Motion and filed its Cross-Motion. The trial court heard argument on the summary judgment motions on May 1, 2017. On May 9, 2017, the trial court denied the Motion and granted the Cross-Motion. Rodriguez appealed to this Court.[3]

---

[3] Because appellate review of a trial court ruling on summary judgment motions entails a question of law, our standard of review is *de novo* and our scope of review is plenary. *Starling v. Lake Meade Prop*[.] *Owners Ass*[']*n, Inc.*, 162 A.3d 327, 340 . . . (Pa. . . . 2017) . . . ; *Pyeritz v. Commonwealth*, . . . 32 A.3d 687, 692 ([Pa.] 2011). Our Supreme Court has explained the standard of review employed by trial courts reviewing summary judgment motions as follows:

> Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . . The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

*Starling*, 162 A.3d at 340 . . . (quoting *Gilbert v. Synagro Cent*[.]*, LLC*, . . . 131 A.3d 1, 10 ([Pa.] 2015)).

**Discussion**

Rodriguez argues that the trial court erred or abused its discretion by denying Resident Electors' Motion because it did not consider the trial court's authority to create new districts under Section 502 of the Pennsylvania Election Code (Election Code), 25 P.S. § 2702. The District rejoins that Section 303(b) of the School Code controls, thus the trial court properly denied Resident Electors' Motion.

Initially, Section 303(b) of the School Code provides:

(1) The interim operating committee or the board of school directors may develop a plan to elect school directors from regions or to elect some school directors at large and some from regions. Such a plan may also be developed by the resident electors of a school district as provided herein and shall have the same effect as one developed by the board of school directors.

(2) Electors equal to at least twenty-five (25) per centum of the highest vote cast for any school director in the last municipal election may develop a plan to elect school directors from regions or to elect some school directors from regions and some from the school district at large. Plans proposed by electors shall be subject to the same requirements as plans proposed by the board of school directors.

(3) **The boundaries of the regions shall be fixed and established in such manner that the population of each region shall be as nearly equal as possible and shall be compatible with the boundaries of election districts**. Such plan for the division of the school district shall be submitted for approval to the court of common pleas. If approved by such court, the clerk thereof shall certify the regional boundaries contained therein to the county board of elections. In the event of any division, redivision, alteration, change or consolidation of election districts which renders regional boundaries incompatible with the boundaries of election districts, a new plan shall be developed and

---

*Pane v. Indian Rocks Prop. Owners Ass'n, Inc. of Ledgedale,* 167 A.3d 266, 270 n.2 (Pa. Cmwlth. 2017).

4

submitted for court approval in like manner. Any proposed change in an approved plan, including abolition of regional representation, shall be submitted for approval to the court of common pleas by the board of school directors, or by a petition of the resident electors within the district. Where a region plan is approved, school directors who reside in each region shall be elected by and from each region. At all times each region shall be represented by directors elected or appointed from that region. Where a combination at large and region plan is approved, all regions shall have an equal number of school directors who reside in each region and who shall be elected or appointed by and from each region. At all times each region shall be represented by a director or directors elected or appointed from that region. All plans shall provide that three school directors shall be elected at each municipal election. In a combination at large and region plan, the number of regions shall be three. In a region plan not combining at large directors, the number of regions shall be three or nine.

24 P.S. § 3-303(b) (emphasis added). Section 502 of the Election Code authorizes:

Subject to the provisions of [S]ection 501 of [the Election Code[4]], the court of common pleas of the county in which the same are located, may form or create new election districts by dividing or redividing any borough, township, ward or election district into two or more election districts of compact and contiguous territory, having boundaries with clearly visible physical features conforming with census block lines from the most recently completed [f]ederal decennial census and wholly contained within any larger district from which any [f]ederal, [s]tate, county, municipal or school district officers are elected, or alter the bounds of any election district, or form an election district out of two or more adjacent districts or parts of districts, or consolidate adjoining election districts or form an election district out of two or more adjacent wards, so as to suit the convenience of the electors and to promote the public interests. Except for good cause shown, election districts so formed shall not contain more than one thousand two hundred (1,200)

---

[4] Section 501 of the Election Code states: "Each borough and township, not divided into wards, and each ward of every city, borough and township now existing or hereafter created, shall constitute a separate election district, unless divided into two or more election districts or formed into one election district, as hereinafter provided." 25 P.S. § 2701.

5

registered electors. No election district shall be formed that shall contain less than one hundred (100) registered electors. When a school district crosses county lines, the regions of the school district shall be composed of contiguous election districts.

25 P.S. § 2702.

Rodriguez contends that Resident Electors' plan offers three regions which are nearly equal in population and, although the proposed reapportionment does not comply with Section 303(b) of the School Code because it splits an election district, the trial court may overlook that noncompliance because Section 502 of the Election Code authorizes county common pleas courts to form or create new election districts. We disagree.

> The School Code provides three ways of electing school board directors: (1) regional elections; (2) at-large elections; or (3) a combination of regional and at-large elections. *See* 24 P.S. § 3-303(b)(3). Where a regional plan is presented, the School Code sets forth two requirements: (1) **the regions *shall* be compatible with the boundaries of election districts**;[5] and (2) the boundaries of the regions shall be fixed and established in such manner that the population of each region shall be as nearly equal as possible. *Spring-Ford Area Sch*[.] *Dist*[.] *Div*[.] *Case, . . .* 234 A.2d 184 ([Pa. Super.] 1967). Both of these requirements must be satisfied. *In re Chichester Sch*[.] *Dist*[.], *. . .* 234 A.2d 187 ([Pa. Super.] 1969); *Cameron* [*Cnty.*] *Sch*[.] [*Bd.*]*, Resident Electors Appeal, . . .* 456 A.2d 226 ([Pa. Cmwth.] 1983); *see also Petition of* [*Bd.*]*of Directors of Hazleton Sch*[.] *Dist*[.]*, . . .* 524 A.2d 1083 ([Pa. Cmwlth.] 1987).

*In re Petition to Reapportion the Sch. Dir. Regions of the Chichester Sch. Dist.,* 688 A.2d 1275, 1278 (Pa. Cmwlth. 1997) (footnote omitted; emphasis added). "Furthermore, of the three criteria which must be complied with here, barring

---

[5] In *In re: Petition to Realign Regional Election Districts in Pennsbury School District*, 79 A.3d 1218, 1220 n. 2 (Pa. Cmwlth. 2012), this Honorable Court explained that for purposes of Section 303 of the School Code, "[t]he term election district refers to the polling place unit or precinct."

compelling circumstances to the contrary, two (contiguous territory and election district boundary lines) are absolutes and only the requirement of population equality is couched in the malleable language, 'as nearly as equal as possible.'" *Petition of the Bd. of Dirs. of Hazleton Area Sch. Dist.,* 524 A.2d 1083, 1086 (Pa. Cmwlth. 1987). As the election district boundary lines requirement is "absolute[]," *id.*, and Resident Electors' plan violates said statutory mandate, the trial court properly granted the District's Cross-Motion on that basis.

> This would end our inquiry were it not for the adamant and importunate assertion by [Rodriguez] that [Section 1932 of the Statutory Construction Act of 1972,] 1 Pa.C.S. § 1932 ('statutes in pari materia') compels a different result. This rule of statutory construction states: '(a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things[;] (b) Statutes in pari materia shall be construed together, if possible, as one statute.'

*Cherry v. Pa. Higher Educ. Assistance Agency,* 642 A.2d 463, 466 (Pa. 1994).

Rodriguez insists that Section 303(b) of the School Code should be read in pari materia to Section 502 of the Election Code. Specifically, Rodriguez maintains that since Section 502 of the Election Code grants the trial court authority to "form or create new election districts," *id.,* the violation of Section 303(b)(3) of the School Code should not prevent the trial court from approving the Resident Electors' plan. However, Section 303(b) of the School Code dictates the development of plans to elect school directors, while Section 502 of the Election Code refers to the formation or creation of new election districts. Further, Section 303(b) of the School Code expressly applies to the actions of the interim operating committee or the board of school directors, and resident electors, whereas Section 502 of the Election Code applies to the trial court's authority. "The two statutes thus relate to different persons and things. Therefore, we do not regard them to be in pari materia." *Cherry,* 642 A.2d at 466.

7

Accordingly, the trial court did not err by not reading Section 303(b) of the School Code and Section 502 of the Election Code in pari materia.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Petition to Reapportion the   :
Wyomissing Area School District   :
from at Large to Three (3)   :
Regions for the Election of School   :
Directors   :
                                  :   No. 835 C.D. 2017
Appeal of: Valentin Rodriguez, Jr.   :

## O R D E R

AND NOW, this 5th day of January, 2018, the Berks County Common Pleas Court's May 9, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge